HARRIS v. MOLLER.    (No. 7658.)

(Court of Civil Appeals of Texas. Galveston. Dec. 21, 1918.)

1. VENUE ⬤⟞70—PRIVILEGE—PLEA OF.

Under Rev. St. 1911, art. 1903, as amended by Acts 35th Leg. c. 176 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903), the averments of a defendant's verified plea of privilege that he was a resident of a county other than the one in which suit was brought are prima facie proof of the facts averred, and must be accepted as true, where the controverting answer filed by plaintiff attempted to defeat the plea solely on the ground that contract on which suit was brought was to be performed in the county where the venue was laid.

2. VENUE ⬤⟞7—CONTRACTS—"F. O. B."

Where plaintiff sold hay to defendant f. o. b. at a point in Galveston county, but drafts with bill of lading attached were to be sent to county of defendant's residence, held, that the contract cannot be construed as one to be performed within Galveston county, the expression "f. o. b." cars implying no promise to pay for the hay in Galveston county so as to authorize suit therein, but merely delivery free on board cars at that point.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, F. O. B.]

Appeal from Galveston County Court; George E. Mann, Judge.

Action by A. L. Moller against Ray G. Harris begun in justice court and appealed by defendant to the county court. From a judgment there for plaintiff, defendant again appeals. Reversed, and judgment rendered directing transfer of suit to another county.

Hardway & Cathey, of Houston, for appellant.

Maco & Minor Stewart, of Galveston, for appellee.

LANE, J. This suit was brought by A. L. Moller in the court of the justice of the peace of precinct No. 4, Galveston county, Tex., against Ray G. Harris, a resident of precinct No. 1 of Collin county, Tex., doing business under the name of Farmersville Grain Company, to recover the sum of $175 due as the purchase price of 19,600 pounds of hay and freight charges paid by plaintiff, under a contract evidenced as follows:

On the 13th day of April, 1917, defendant wrote a letter at Farmersville, Collin county, to plaintiff as follows:

"Farmersville, Texas, 4/13/17.

"Dear Sir: We bid you $11.50 per ton f. o. b. the cars for five to ten cars choice bright prairie hay. If you can furnish any at all wire us for shipping instructions.

"Yours truly,     Farmersville Grain Co."

Replying to said letter, A. L. Moller sent the following telegram:

"Alta Loma, Texas, April 15, 1917.

"To Farmersville Grain Co., Farmersville, Texas.

"Will furnish ten cars choice hay eleven fifty cars Alta Loma.          A. L. Moller."

Defendant Harris then telegraphed as follows:

"4/16/17.

"To A. L. Moller, Alta Loma, Texas.

"Wire received accept ten cars choice hay eleven fifty ship large car each Taylor Eddy Roundrock Nordheim Reedville Mertens Daingerfield Elgin Bryan Celina. Can use ten more cars same price if can furnish wire confirmation.          Farmersville Grain Co."

To this telegram Moller replied by telegram as follows:

"Alta Loma, 4/16/1917.

"To Farmersville Grain Co., Farmersville, Texas.

"Wire received I will ship ten cars as instructed at eleven fifty per ton f. o. b. cars Alta Loma and will sell you an additional ten cars at same price. Advise if you want them.

"A. L. Moller."

Defendant then sent the following telegram:

"4/17/1917.

"To A. L. Moller, Alta Loma, Texas.

"Wire received book additional ten cars eleven fifty f. o. b. confirm. Farmersville Grain Co."

This telegram was followed by the following letter:

"Farmersville, Texas, 4/16/17.

"Mr. A. L. Moller, Alta Loma, Texas—Dear Sir: As per our exchange of wires to-day we beg to confirm purchase of you ten cars choice prairie hay @ $11.50 per ton f. o. b. Alta Loma, for which we gave you shipping instructions as follows: Wier, Eddy, Roundrock, Nordheim, Reedville, Mertens, Daingerfield, Elgin, Bryan and Celina, Texas, also wired you that we could use ten more cars same price and to wire us your confirmation.

"We will thank you to rush the Eddy car as well as all other cars as fast as possible, send drafts with B/L's attached for arrival to the First National Bank Farmersville, Texas, direct.

"With best wishes, we beg to remain,

"Yours very truly,
"Farmersville Grain Co."

The above letter was in turn followed by the following letter:

"Farmersville, Texas, 4/17/1917.

"Mr. A. L. Moller, Alta Loma, Texas—Dear Sir: As per our exchange of wires we beg to confirm purchase of ten car loads of bright choice summer cut blackland well cured prairie hay f. o. b. cars your station.

"This makes twenty cars in all we have bought of you, and have given you instructions on the first ten car lot contract.

"Yours very truly,
"Farmersville Grain Co."

On the 25th day of August, 1917, defendant, Harris, filed in said justice court his plea of privilege, properly sworn to, in which he alleged his residence as in precinct No. 1 of Collin county at the time of the filing of the suit, at the time of service of process, and at the time of the filing of his said plea, and further averring that he was not at the time of filing of said suit, nor at the time of service of process, nor at the time of filing his said plea of privilege, a resident of Galveston county, Tex., nor of precinct No. 4 of said county. He also averred that none of the exceptions to exclusive venue in the county of one's residence mentioned in articles 1830 and 2308 of the Revised Statutes of the state of Texas existed in said cause.

Plaintiff, Moller, filed his answer to defendant's plea of privilege in said justice court reading as follows:

"Before me, the undersigned authority, on this day personally appeared A. L. Moller, personally known to me, who being by me duly sworn, upon his oath says:

"That this suit of A. L. Moller v. Ray G. Harris, Herman Harris and W. C. Brooks, doing business under the firm name of Farmersville Grain Company, is brought to recover damages for breach of contract made and entered into by and between said A. L. Moller and said Ray G. Harris, Herman Harris and W. C. Brooks; said contract being in writing and by its written terms binding all parties thereto to performance of said contract in Galveston

county, Texas, as more fully appears by plaintiff's original petition.　　　　A. L. Moller.

"Sworn to and subscribed before me, this 14th day of September, A. D. 1917.

"W. J. Stoner, Notary Public in and for Galveston County, Texas."

On the 27th day of September, 1917, the cause was called for trial in the justice court. Defendant's plea of privilege was overruled, and, upon hearing on the merits, judgment was rendered in favor of plaintiff, Moller, against defendant Harris, for the sum sued for. Harris appealed to the county court. The transcript from the justice court was filed in the county court on the 10th day of October, 1917. The cause was called for trial in the county court on the 18th day of December, 1917. The plea of privilege was presented to the court, and, upon hearing evidence relating to the points of contest only, the court overruled said plea, and upon hearing upon the merits rendered judgment for plaintiff for the sum sued for. From this ruling and judgment defendant, Harris, has appealed to this court.

Appellant presents three assignments, all of which, however, present but one proposition; that is, that the court erred in overruling his plea of privilege.

[1] We think the assignment should be sustained. The averments of defendant's verified plea of privilege, to the effect that he was a resident of Collin county and not of Galveston county, under the provisions of article 1903 of the Revised Civil Statutes 1911, as amended by the Acts of the 35th Legislature 1917, c. 176, p. 388 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903), are prima facie proof of the facts averred and it is provided by said article that—

"If, however, the plaintiff desires to controvert the plea of privilege, he shall file a controverting plea under oath, setting out specifically the fact or facts relied upon to confer venue of such cause on the court where the cause is pending."

It will be observed from the controverting answer filed by plaintiff, set out herein, that the only specific fact alleged by him to exist, which, if true, would confer venue of this cause on the courts of Galveston county, is to the effect that the contract between the parties was in writing and that by its terms all parties thereto were to perform its terms and conditions in Galveston county, Tex. So, then, the averment of the plea of privilege, that defendant was a resident of Collin county and not of Galveston county, is to be accepted as proven without further proof of the facts so averred.

[2] This being true, then the only remaining inquiry is: Was the written contract one which was to be performed by defendant in Galveston county by its express terms, or one which of necessity must be performed in said county? We are unable to find any language in the contract by which defendant expressly promised to perform its terms in Galveston county; and certainly it is not one which would necessarily require appellant to perform his part thereof in Galveston county.

As before stated, the only grounds upon which appellee claims, in his brief, that appellant's plea of privilege was properly overruled, is that the letters and telegrams taken together constitute a written contract between the parties to be performed in Galveston county, and therefore appellant must answer to the suit brought against him in that county. He contends that the expression "f. o. b. cars at Alta Loma," appearing in the contract, implies a promise on the part of appellant to pay the agreed purchase price of the hay at the town of Alta Loma, which is situated in Galveston county. The contention here made is, we think, in direct conflict with the uniform interpretation placed upon such contracts and expressions by the courts of this state. Burkitt & Barnes v. Berry, 143 S. W. 1187; McCullar Lumber Co. v. Higginbotham Bros., 118 S. W. 885; Russell & Co. v. Heitman & Co., 86 S. W. 75.

The initial letter, of date April 13, 1917, by appellant to appellee was in effect an offer to purchase from appellee hay to be delivered free on board cars at Alta Loma, that is, without charge for loading on cars, at a price of $11.50 per ton. This offer was accepted by appellee, and before any of the hay was shipped, on the 16th day of April, one day after such acceptance, appellant wrote appellee as follows:

"We will thank you to rush the Eddy car as well as all other cars as fast as possible; send draft with B/L's attached for arrival to the First National Bank of Farmersville, Texas, direct."

We think the only reasonable interpretation to be placed upon this contract, as thus made, is that appellee agreed to sell appellant hay at a price of $11.50 per ton, and put it on cars at Alta Loma free of charge to appellant, and to forward the cars of hay to points named by appellant, and thereafter draw draft on the bank at Farmersville, Collin county, for the purchase price of the hay, at which point the draft was to be paid.

As said in the case of Burkitt & Barnes v. Berry, supra:

"If an implied promise to pay in Angelina county is shown, this would not defeat defendants' right to be sued in the county of their residence. The agreement or promise to perform in a county other than that of the promisor's residence, in order to fix the venue in such county, must be in writing, and the right of a defendant to be sued in the county of his residence can only be defeated when the plaintiff brings his case clearly within the exception contained in the statute. Cohen v. Munson, 59 Tex. 237; Mahon v. Cotton, 13 Tex. Civ. App.

·239, 35 S. W. 869; Russell & Co. v. Heitmann & Co., 86 S. W. 75."

This language is peculiarly applicable to the facts of the present case.

It is apparent from what has been said that we think the court should have sustained the plea of privilege and have transferred the cause to the proper court of Collin county, Tex.

It follows from the conclusions before stated that the judgment of the trial court should be reversed, and judgment here rendered directing the transfer of this suit to the court for justice precinct No. 1 of Collin county, Tex., and it has been so ordered.

Reversed and rendered, with instructions.