### TEXAS SUPPLY CO. v. CLARKE.
### (No. 1089.)

(Court of Civil Appeals of Texas. El Paso.
March 18, 1920. On Motion for Rehearing, April 8, 1920.)

**1. Sales �ködge80—Telegram held not to state place of payment of price.**

A telegram, "Eighteen fifty Comanche cast car lots," *held* an acceptance of an offer to sell free on board at Comanche, and not an agreement to pay the purchase price at Comanche.

**2. Venue ⊛7—Promise to perform in county other than residence must be in writing.**

An agreement or promise to pay for articles purchased in a county other than the promisor's residence, in order to fix the venue in such county, must be in writing and plainly provide for such performance in the other county, under Vernon's Sayles' Ann. Civ. St. 1914, art. 1830.

**3. Venue ⊛3—Statute as to justice court inapplicable to county court.**

Vernon's Sayles' Ann. Civ. St. 1914, art. 2308, relating to venue of action, applies to suits in courts of justices of the peace, and not to county courts.

On Motion for Rehearing.

**4. Venue ⊛7—Acceptance of offer held within county of suit.**

Where plaintiff in C. county offered certain iron for sale and defendant private corporation in another county wired: "Eighteen fifty Comanche machine cast car lots. Immediate shipment. Wire acceptance"—which was answered by plaintiff, "Wire shipping instructions car cast," the acceptance of the final offer was in C. county, and the "cause of action or part thereof" arose in C. county, and the county court of such county had jurisdiction of an action for the price, under Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, exception No. 24.

Appeal from Comanche County Court; J. H. McMillan, Judge.

Suit by G. S. Clarke against the Texas Supply Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Smith & Crawford, B. E. Pye, and A. M. Huffman, all of Beaumont, for appellant.

Goodson & Nabors, of Comanche, for appellee.

---

HARPER, C. J. This suit was filed in the county court of Comanche county, Tex., by G. S. Clarke, against the Texas Supply Company, a corporation, for $430.

The defendant filed its plea of privilege, alleging that it was a private corporation domiciled in Beaumont, Jefferson county, Tex., and asserted its right to be sued in said county. The plaintiff filed controverting reply to the plea. The evidence was introduced, and the court overruled the plea, and defendant appealed, and has assigned this action of the court as error.

The test as to whether the suit could be maintained in Comanche county lies within the following letter and telegrams. No other question is raised here.

"December 4th, 1918.

"Mr. G. S. Clarke, Box 16, Comanche, Texas —Dear Sir: Replying to your postal in regard to price on scrap iron, we wish to state that we are not in the market at present for mixed iron, but can use No. 1 cast, and if you can furnish us with this, advise where the material will be shipped from and we will then quote you. We are,

"Yours very truly,
                "Texas Supply Company,
"H/W.                 By.........."

"Comanche, Texas, 11:23 A. M. Dec. 7, 1918. Texas Supply Co., Beaumont, Texas. Have car number one cast wire offer fob Comanche. G. S. Clarke, 1234 P. M."

"Beaumont, Tex., Dec. 7, 1918. G. S. Clarke, Comanche, Texas. Will wire you Monday on Machine cast. Texas Supply Co."

"Beaumont, Tex., Dec. 9, 1918. G. S. Clarke, Comanche, Texas. Eighteen fifty Comanche cast car lots. Texas Supply Co."

[1, 2] Appellant's proposition is that article 1830, Vernon's Sayles' Stat., governs; it reads:

"No person who is an inhabitant of this state shall be sued out of the county in which he has his domicile, except in the following cases"

—and that this cause of action does not come within one of the exceptions therein named. And appellee contends: First, that the venue was properly laid in Comanche county because by the contract in writing the appellant agreed to make payment for the iron in Comanche, and relies upon the telegram last above quoted as supporting their proposition, urging that "Eighteen fifty Comanche" means that that price will be paid for the iron at Comanche, Tex. A majority of the court are of the opinion that the proper construction of the words is that it means "Eighteen fifty f. o. b. Comanche"; in other words, that it is an acceptance of the offer to sell the iron free on board at Comanche, and does not relate to or make Comanche the place of payment of the price. The rule in such cases is that "the agreement or promise to perform [pay] in a county other than

the promisor's residence, in order to fix the venue in such county, must be in writing," and plainly provides for such performance in the other county. Cohen v. Munsen, 59 Tex. 236; Harris v. Moller, 207 S. W. 961; Burkitt v. Berry, 143 S. W. 1187; Russell & Co. v. Heitmann, 86 S. W. 75.

[3] Next appellee urges that the facts bring the case within article 2308, Rev. Civil Statutes, tenth exception therein named. This chapter and article applies to suits in "the court of the justice of the peace," and this cause arose in the county court.

Next appellee says that the facts bring the case within exception No. 24 of article 1830, Rev. Stat., which provides, "Suits against any private corporation * * * may be commenced in any county in which the cause of action, or a part thereof, arose, * * *" because, he argues, the contract was entered into in said county, the property purchased was there and there loaded for shipment, etc.; therefore the contract was completed in said county.

The case of Planters' Oil Co. v. Whitesboro Cotton Oil Co., 146 S. W. 225, in its facts is very similar to this case; the only difference being as to the parties, counties, and in that case the contract was made by telephone, and in this case by telegraph messages above quoted; so, quoting therefrom, but using the names of parties and counties, etc., of the instant case, we hold:

Appellee offered to sell from Comanche county, and appellant accepted the offer and agreed to pay the price in Jefferson county; and if it can be said that the contract was made in either county it is more nearly correct to say it was made in Jefferson county, for it was in that county that the offer was received and accepted and the agreement consummated. The fact that appellee was to load the iron in Comanche furnishes no reason for maintaining jurisdiction in Comanche county. Broadly speaking, "cause of action" comprehends the agreement between the parties, its performance by one, and its breach by the other. As held above, there is nothing in the evidence to show that appellant agreed to perform any part of the agreement in Comanche county; therefore it cannot be said that the contract arose in the latter county in the sense that the parties made the agreement in that county, and it follows that the trial court erred in overruling appellant's plea of privilege.

Accordingly the judgment of the trial court is reversed and set aside, and the court is directed to enter judgment changing the venue therein to the county court of Jefferson county, and further the clerk of the county court of Comanche county is directed to prepare a transcript of said cause and transmit the same together with the original court papers to the county court of Jefferson county, Tex.

## On Motion for Rehearing.

It will be noted that our original opinion was written upon the theory that the original proposition or offer was made by appellee at Comanche to Texas Supply Company, Beaumont, Tex.; and that the acceptance therefore was in Beaumont; that therefore the contract was made there. Appellee for the first time upon motion for rehearing calls our attention to the fact that this first offer was not accepted by appellant, but was refused, and that thereupon the appellant offered to buy a different kind of iron, viz. No. 1 cast; that appellee accepted this offer to purchase at Comanche; therefore, the contract was made in Comanche county, and not in Jefferson county. The following statement of facts reveal the true record instead of that made in the original opinion:

Dec. 4th, 1918.

"Mr. G. S. Clarke, Box 16, Comanche, Texas —Dear Sir: Replying to your postal in regard to prices on scrap iron, we wish to state that we are not in the market at present for mixed iron, but can use No. 1 cast, and if you can furnish us with this, advise where the material will be shipped from and we will then quote you. We are,

"Yours very truly,       .
"H/W                Texas Supply Company."

The following telegram was introduced which was in reply to the letter quoted above, furnishing the information requested in the letter and offer to buy above quoted (S. F. 1), to wit:

"Comanche, Texas, 11:23 A. M.  Dec. 7, 1918. Texas Supply Co., Beaumont, Tex.  Have car number one cast wire offer fob Comanche.  G. S. Clarke 1234 P. M."

The following telegram was introduced, which is in reply to the telegram from appellee to appellant last above quoted (S. F. 1), .to wit:

"Beaumont, Texas.  Dec. 7, 1918.  G. S. Clarke, Comanche, Texas.  Will wire you Monday on machine cast.  Texas Supply Co."

The following telegram was introduced, which contains the offer to buy and quotation mentioned in each of the preceding telegrams and letter (S. F. 1), to wit:

"Beaumont, Texas, Dec. 9, 1918.  G. S. Clarke, Comanche, Texas.  Eighteen fifty Comanche machine cast car lots.  Immediate shipment.  Wire acceptance.  Texas Supply Co."

Then was introduced in evidence the following telegram, which was the acceptance of the offer contained in the telegram last above quoted (S. F. 1), to. wit:

"Comanche Texas 10 20 AM Dec 10 1918. Texas Supply Co., Beaumont, Texas.  Wire shipping instructions car cast.  G. S. Clarke 11 11 AM."

See testimony G. S. Clarke, the appellee herein, which was undisputed (S. F. p. 5), as follows:

"I was in Comanche county, Tex., when I received the telegram from the Texas Supply Company dated December 9, 1918, which quoted the price, 'Eighteen fifty Comanche machine cast car lots.  Wire acceptance.'  I was in Comanche county, Tex., when I accepted the offer made in that telegram, and I was in Comanche county, Tex., when I loaded the iron into the cars for shipment to the Texas Supply Company, Incorporated."

Under these facts Comanche county court had jurisdiction.

[4] True, appellee, in his controverting plea refers to subdivision 10 of article 2308, R. S., which relates to justice courts, but he pleaded the facts "that the defendant is a private corporation and the cause of action or a part thereof arose in Comanche county, Tex.," and this was sufficient to bring the case within exception No. 24, art. 1830, Rev. Stat., quoted in the original opinion.  Dallas Waste Mills v. Early-Foster Co., 218 S. W. 515.

For these reasons the motion for rehearing is granted, and cause affirmed.