## GOTTLIEB v. DISMUKES et al.  (No. 6350.)

(Court of Civil Appeals of Texas.  Austin. April 20, 1921.)

**I. Pleading ⟨key⟩111—Fraud as exception to act concerning venue must be specifically stated in controverting plea.**

Conceding that plaintiff's petition alleged misrepresentations as to quality of corn sold to him by defendant, resident in another county, the case was not brought within the exception of fraud in the general venue statute where the controverting plea did not set out specifically the facts relied on nor refer to the petition for the facts.

**2. Venue ⟨key⟩7—Sales contract held to be "contract in writing," within exception to venue statute.**

Where defendant in G. county telephoned an offer to sell corn f. o. b. there to plaintiff in W. county, weight statements, bill of lading, and demand draft to be sent to W. county for delivery to and payment by plaintiff and the offer was accepted with agreement to send confirmative contract, which was sent accordingly embodying the terms of the agreement, and was retained by the defendant without objection, the contract was in writing within Rev. St. art. 1830, subd. 5, relating to venue.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Written Contract or Agreement.]

**3. Venue ⟨key⟩7—Depends on where the adverse party, and not plaintiff, was to perform.**

The venue statute does not contemplate that the party bringing the suit on a contract in writing may rely on the terms of the contract as to performance by himself, but the venue depends on whether the adverse party has agreed to perform in the county of suit.

**4. Venue ⟨key⟩7—Sales contract held to require performance by the seller in the county to which the goods were shipped.**

Where a contract was for sale of corn by defendant, of G. county, f. o. b. there to plaintiff in W. county, weight statements, bill of lading, and demand draft on plaintiff to be sent to W. county for delivery to and payment by plaintiff, the seller was in control, and retained title until payment and delivery, and the contract was performable in its most essential features in W. county within Rev. St. art. 1830, subd. 5, relating to venue.

Appeal from Williamson County Court; F. D. Love, Judge.

Action by J. Gottlieb against F. L. Dismukes and another. From an order granting defendants' plea of privilege, plaintiff appeals. Reversed and remanded.

Melasky & Moody, of Taylor, for appellant.

Wilcox & Graves, of Georgetown, for appellees.

### Findings of Fact.

BRADY, J. J. Gottlieb, a resident of Taylor, Williamson county, Tex., sued F. L. Dismukes, who resided in Gonzales county, and also Farmers' State Bank of Waelder, domiciled in Gonzales county, for damages for breach of the contract to deliver certain corn purchased by Gottlieb from Dismukes. Both defendants filed pleas of privilege. Upon the hearing, the court sustained their pleas, and, ordered the cause transferred to Gonzales county for trial. The appeal is from this order.

The hearing of the pleas of privilege was upon an agreed statement of facts, which is very lengthy, and we will only undertake to state the material facts necessary to a proper disposition of the questions raised here.

Dismukes, over the telephone at Waelder, offered Gottlieb, at Taylor, two cars of sound, dry, ear corn, at a price of $1.40 per bushel, f. o. b. Waelder, Tex. It was a part of the offer that the corn was to be loaded by Dismukes, at Waelder, for shipment to Gottlieb, at Taylor. The corn was to be weighed by a public weigher, and sworn statements furnished. Dismukes was to procure a bill of lading for the transmission of the corn to Taylor, and draw a demand draft on the buy-

---

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

er, attaching to the draft the weight statement and bill of lading, and to send them to Taylor for delivery to and payment by Gottlieb. The proposal was accepted, and, in so accepting, Gottlieb told Dismukes that he would prepare and mail to him a written confirmation of the transaction. This was immediately done, and, the agreed statement of facts shows—

"in furtherance of the terms of said agreement, and in accordance with the custom of such business, a custom that was well and equally known to both said Gottlieb and Dismukes."

It was further agreed that this was—

"a written confirmation of the terms of said offer and acceptance, and in which said written confirmation was embodied the terms of said agreement."

The confirmation was mailed to Dismukes, and was received and retained by him ever since, without objection to the form or contents thereof. The written confirmation substantially states the terms of the agreement as above, and contains this provision:

"It is agreed that this confirmation is a part of the contract, and its receipt without objection or notification to Taylor Grain & Elevator Company of error herein, is acknowledgment of contract as above."

There was another contract and written confirmation, which does not materially vary from the first.

In accordance with the agreement, Dismukes loaded the corn in cars and procured the bill of lading, to which was attached a draft and weight statement. The car was consigned to the order of Dismukes at Taylor, Tex.; and the draft, bill of lading, and sworn statement were sent to Taylor, where Gottlieb paid the draft and received it and the attached documents.

The bill of lading was in the usual form, and expressly provided that it should be surrendered, properly indorsed, before delivery of the property could be required. Each of the bills of lading on the two shipments was indorsed by Dismukes and delivered to defendant Farmers' State Bank, with the drafts attached; and the defendant bank paid Dismukes the amount of the drafts, and then forwarded these papers to its correspondent bank at Taylor for collection and remittance. The drafts were paid at Taylor by plaintiff, and under the instructions of the defendant bank the documents were all delivered there to plaintiff. The cars of corn were duly transported to Taylor by the carrier, and there delivered to plaintiff. The plaintiff, in paying the drafts, relied upon the recitals of fact contained therein and in the bills of lading and sworn statements of weight, and believed that they were true. No issue was raised on the hearing as to whether or not the allegations of damages made by the plaintiff, because of alleged defect in the quality of the corn, were true. Nor was any issue raised as to whether the plaintiff's petition stated a cause of action against the bank. The agreed statement does not show that defendants or either of them fraudulently misrepresented the quality of the corn.

### Opinion.

Appellant claims the right to maintain the suit in Williamson county upon two exceptions to the general venue article. He first relies upon the exception which, in substance, provides that where a party has agreed in writing to perform a contract in a particular county, the adverse party may maintain suit there; and he further claims that this is a case of fraud, and invokes the exception which authorizes suit to be maintained where a fraud has been committed.

[1] We will first consider the question of fraud. We do not deem it necessary to pass upon the question whether, in circumstances such as exist in this case, the action would fall within the class of cases included in the fraud exception, if the issue had been properly pleaded and proven. It may be conceded that the petition of plaintiff alleged that defendants had made false representations as to the quality of the corn which induced him to pay for the same and to accept delivery, but we find no evidence to this effect. The proof is silent as to any fraudulent representations. Furthermore, the controverting affidavits did not allege any facts to show a case of fraud. Under the statute the facts relied upon to sustain the venue must be specifically set out in the controverting plea. This was not done, nor was there even a reference to the petition for the facts. Therefore, we hold that the case was not shown to be one of fraud within the exception mentioned above.

[2] As to whether this was a contract in writing to be performed in Williamson county, we frankly confess the question is one of no little difficulty. We have no doubt that the contract was in writing within the meaning of subdivision 5 of article 1830, Rev. St. The language quoted in our statement of the findings of fact, in the light of the whole agreement, makes it clear, we think, that it was contemplated by both parties that there should be a written confirmation of the terms of the sale, which would be binding if the parties did not object to its provisions. There is no dispute that the written confirmation was prepared by the buyer according to the agreement of the parties, and that the seller received this confirmation and retained the same without any objection or protest. We think there was a meeting of the minds upon the writing, which the evidence does not show was required or contemplated to be formally signed by both parties. People's Ice & Mfg. Co. v. Interstate Cotton Oil Co., 182 S. W. 1163; Floresville Oil & Mfg. Co. v. Tex. Refining Co., 55 Tex. Civ. App. 78, 118 S. W. 195; Kelsey v. Early Grain Co., 206

S. W. 849. Therefore, we sustain appellant's contention that the contract was in writing within the meaning of the venue article.

[3, 4] The difficulty we have had in reaching a satisfactory conclusion is upon the question whether this contract, regarding all of its terms, was one to be performed by the seller in Williamson county. We do not think the statute contemplates that a party bringing suit may rely upon terms of the contract requiring performance by himself, but on the contrary the venue depends on whether the adverse party has agreed to perform in the particular county of the suit. After considerable hesitation we have reached the conclusion that this contract was, in some of its most essential features, performable by the seller at the residence of the buyer. The contract undoubtedly contemplated the shipment of the goods to Taylor, and the passing of complete title and delivery of possession to the purchaser at that place. Up to the point of actual delivery to the buyer, the seller retained control over the goods in his possession, by holding the bills of lading, which represented the goods. Under the agreement, delivery could not be made to the buyer until the drafts were paid, and until the bills of lading were presented, properly indorsed. The shipment was actually made in accordance with the contract consigned to the seller, upon bills of lading payable to the order of the seller, with notification to the buyer. In the absence of any evidence that the intention of the parties was otherwise, we think these facts made at least a prima facie case that the contract was to be performed at Taylor, within the meaning of exception 5. The following cases seem to us to fairly support this conclusion. Seley v. Williams, 20 Tex. Civ. App. 405, 50 S. W. 399; Harris v. Moller, 207 S. W. 961; Supply Co. v. Clark, 220 S. W. 573; Floresville Oil & Mfg. Co. v. Tex. Refining Co., 55 Tex. Civ. App. 78, 118 S. W. 195; People's Ice & Mfg. Co. v. Interstate Cotton Oil Co., 182 S. W. 1163.

It is true that the contract of sale stipulated "f. o. b. Waelder, Tex." We do not think, however, that this phrase alone must be held to control the question, and to show that the contract on the part of the seller was complete and performed when the corn was loaded on the cars at that point. Rather, we think that the office of this phrase in the contract was to require the seller to load the corn on the cars at that place without charge to the buyer, and to fix and determine the price of the subject-matter of the sale, and to make the buyer liable for the freight. Harris v. Moller, 207 S. W. 961; 35 Cyc. 174. Some of the other cases we have cited involved contracts containing the same phrase.

Appellee relies upon the case of Ry. Co. v. Browne, 27 Tex. Civ. App. 437, 66 S. W. 341. An examination of this case discloses that it was there concluded that, notwithstanding an agreement to deliver on board the cars at residence of the seller, for an agreed price to be paid in cash, the contract would be performable at the residence of the buyer, where the seller drew drafts on the buyer, payable at the latter's residence, for the price, with bills of lading attached, and the seller retained in himself the title to the seed until they should be paid for. The question arose under another exception to the general venue article, but it is very similar to the one here involved. The court expressly stated that these facts would undoubtedly make, prima facie, a contract to be performed at the place of final delivery, and on the payment of the drafts accompanying the bills of lading; and cited Seley v. Williams, 20 Tex. Civ. App. 405, 50 S. W. 399, a decision by the same court, and which we have heretofore cited. The ground upon which the court held that the case was to be differentiated from the Seley Case was that the evidence was sufficient to overcome this prima facie case. It was said that the evidence showed that, according to the intention of the parties, the seed became the property of the purchaser when delivered on board the cars at Goliad, and that the arrangement for the drawing of the drafts was expressly at the request, and for the convenience, of the buyer, and as a substitute for the requirement of the contract that the goods should be paid for in cash upon delivery on the cars, at the place of origin.

In view of the express approval by the court of its former holding in Seley v. Williams, and the facts upon which the later decision is based, we are convinced that this case is not to be accepted as authority for appellee's position.

Being of the opinion that the trial court was in error in sustaining the pleas of privilege, the judgment will be reversed, and the cause remanded for trial in the county court of Williamson county, on the merits.

Reversed and remanded.