## TODD v. W. E. JAMAR SEED CO.
### (No. 6968.)

(Court of Civil Appeals of Texas. San Antonio. May 23, 1923.)

**1. Venue ⬤⟶7—Purchaser of cotton seed to be paid for in his county could be sued in such county only.**

Where defendant purchased certain cotton seed from plaintiff, who resided in another county, and the contract provided for delivery of the cotton seed on the cars in plaintiff's county, and for a sight draft with bill of lading attached drawn on a bank in defendant's county, defendant when sued in plaintiff's county was entitled to a change of venue to his own county, he having bound himself to pay for the seed in his own county and not in that of plaintiff.

**2. Venue ⬤⟶7—Venue upon suit for sale of cotton seed where parties in different counties stated.**

Where a contract for the sale of cotton seed provided for delivery of the seed f. o. b. a point in the seller's county, and for a sight draft with bill of lading attached to be drawn on a bank in the purchaser's county, the seller had a right to be sued in his own county, because his part of the contract was to be performed in such county, and the purchaser had the right to claim the privilege of being sued in the county of his domicile, because he had not promised in writing to perform his contract in another county.

Appeal from District Court, Caldwell County; M. C. Jeffrey, Judge.

Action by W. E. Jamar Seed Company against J. R. Todd. A change of venue upon a plea of privilege was denied, and defendant appeals. Reversed and remanded with directions.

M. O. Flowers, of Lockhart, and W. T. Jackson, of Groesbeck, for appellant.

Nye H. Clark and E. B. Coopwood, both of Lockhart, for appellee.

FLY, C. J. Appellee sued appellant in Caldwell county, alleging that he was a resident of Limestone county, but that he had entered into a written contract to'pay appellee, in Lockhart, Caldwell county, Tex., the sum of $2.50 a ·bushel for 1,002 bushels of Mebane Early Improved Triumph Cotton, and had failed and refused to pay the same. Appellant filed his plea of privilege to be sued in Limestone county. The court heard the plea and denied a change of venue.

The suit is based on the following instrument:

$68                          Sept. 17, 1920.

W. E. Jamar Cotton Seed Company,
            Lockhart, Texas.
Sample box    3 bu. seed.
    Ship by ......
    When      November 15, 1920.
    To Mr. J. R. Todd,
    Address    Kosse
1002 bushels of Mebane Early Improved Triumph Cotton Seed, $2.50 per bushel f. o. b. Lockhart, Texas.
Shipping station    Kosse
Draw through    First Natl.
Terms:  Sight draft Bill of Lading attached.
O. K.'d by First Nat. Bank.
This order not subject to countermand except by mutual agreement.
                        Signed J. R. Todd.
    B. E. Fehr, Salesman,
            Mail literature.

The inestimable right of the citizen to be sued in the place of his residence and tried by a jury of his peers of the vicinage, has been recognized by English-speaking people since the time of Magna Carta. The right is recognized in the Constitution of the United States to the extent of giving a jury trial in the state in which the party lives, and the broad provision is made by our statutes that "no person who is an inhabitant of this state shall be sued out of the county in which he has his domicile except in the following cases, * * *" consisting of 29 exceptions. The exceptions allowed have weakened and impaired the right to a trial in the home county of a defendant probably to a greater extent than should have been permitted, and they should not be given a broader scope than the very language would permit, nor extend by judicial construction. The right is a precious one, often guarding

252 S.W.—17

person and property from exploitation and abuse of rights by those in distant places, who naturally lean to the home citizen. If the rights of some one is to be jeopardized, it should not be those of the person who has a fixed residence where his rights should be adjudicated. Texas at this time seems to be suffering from epidemics of impairing the right of defendants to be sued in their own counties, as well as injunctions· against almost every conceivable thing that the citizen undertakes. There are certain fundamental rights which should be jealously guarded in this iconoclastic period of our history, and one of them is the right to be heard, when' called into court, by a jury of the vicinage.

[1] Appellee claims the right to sue appellant in another than his own county, on the ground that he promised to pay for the cotton seed in Caldwell county and depends on that language in the written contract which states that there were to be delivered "1,002 bushels of Mebane Early Improved Triumph Cotton Seed, $2.50 per bushel, f. o. b. Lockhart, Texas." All the probative force of those lines is that appellant agreed to pay $2.50 a bushel for cotton seed, which were to be placed on the railroad cars at Lockhart, Tex., but there is no agreement by appellant to pay for the seed in Lockhart. That the parties did not so intend is shown by the further provision that a draft should be drawn on appellant by appellee through the First National Bank, which sight draft would be attached to a bill of lading for the cotton seed and sent to Kosse, Tex., for payment. Appellant did not bind himself to pay for the cotton seed in Lockhart but in Kosse. Appellee bound itself to deliver the cotton seed on the cars, to draw the draft on appellant, and to attach the draft to the bill of lading and forward to Kosse for payment. That is clearly the import of the contract. It bound appellant to do nothing in Lockhart, nor appellee to do anything in Kosse. Neither of them by any promise in writing agreed to perform anything outside of his respective county. Appellee was to do its part of the contract in Caldwell county and appellant was to perform his part of it in Limestone county. The venue to enforce the contract was' as to one in one county, the venue as to the other in another. In other words a contract such as the one under consideration fixes the venue as to the two parties in different counties.

[2] Under the terms of the contract appellee had a right to be sued in Caldwell county because his part of the contract was to be performed·in that county; and appellant has the right to claim the privilege of being sued in the county of his domicile because he has not promised in writing to perform his part of the contract in another county. S. W. Grain Co. v. Blumberg (Tex. Civ. App.) 162 S. W. 1; Malloy v. Industrial Cotton Oil

Properties (Tex. Civ. App.) 238 S. W. 984; Gottlieb v. Ainsworth (Tex. Civ. App.) 229 S. W. 341; Jordan v. West Texas Gin Co. (Tex. Civ. App.) 242 S. W. 542. Much confusion and trouble can be avoided by keeping in mind that two places of venue may be definitely fixed in a written contract, one for one party and one for the other. This is clearly indicated by this court in the case of Grain Co. v. Blumberg, herein cited. In that case, as in this, the commodity was to be delivered on the cars in the home of the seller for shipment to another point; in that case, as in this, the bill of lading with the draft attached was to be sent to a bank in the home of the buyer for payment. The point of shipment was a third county, but that could cut no figure in the case. This court said:

"The appellees live in Guadalupe county and agreed to put a certain quantity of corn on the cars in Guadalupe county, and drawing a draft on appellants in San Antonio was not a promise to do anything in Bexar county. Appellants have not sued on the drafts paid by them and have no cause of action on them, but their suit is based on the breach of a contract to deliver on the cars at Seguin a certain quantity of corn of a certain grade."

It is also held that if the party living in Seguin had sued for the price of the corn in Guadalupe county, a plea of privilege would be good in favor of the purchaser who had agreed to pay the draft for the price of the corn in Bexar county. In an able opinion by Chief Justice Pleasants of the Court of Civil Appeals of the First district in the cited case of Malloy v. Cotton Oil Properties, the Blumberg Case was reviewed and fully approved.

The judgment is reversed and it is the order of this court that the venue of this cause be changed from Caldwell county to Limestone county, and the cause is remanded, with instructions to the clerk of the district court of Caldwell county to make up a transcript of all orders given in this case in the district court, as well as this order, and certify to the same officially under seal of the district court of Caldwell county, and transmit the same, with the original papers in the cause, to the clerk of the district court of Limestone county, Tex.