L. E. ARMER v. W. S. FLY, CHIEF JUSTICE, ET AL.

No. 4020.    Decided October 15, 1924.

(265 S. W., 125).

**Mandamus—Venue—Sale and Shipment.**

The ruling of the Court of Civil Appeals herein, that a sale of cotton seed by dealers in B. county, shipped by them for purchasers in T. county on written bill of lading to shipper's order· sent through a bank with attached draft on purchaser for price, was not such a written contract for delivery in the latter county as to sustain a suit therein by the purchasers against a plea by the sellers of their privilege to be sued in B. the county of their residence, was in conflict with the decisions in Gottlieb v. Dismukes, 230 S. W., 792 and Malloy v. Industrial Cot. Oil Properties, 238 S. W., 984; and mandamus is granted to require the question to be certified to the Supreme Court.   (Pp. 171, 172).

Original application by Armer to the Supreme Court to require the Court of Civil Appeals for the Fourth District to certify a question decided by them in Marcus v. Armer, 253 S. W., 588, by reason of conflict of its ruling therein with other decisions.

The Supreme Court referred the application of relator to the Commisssion of Appeals, Section A for its opinion, and here adopts same and grants the writ of mandamus as recommended.

*Garrett, Brownlee & Goldsmith,* for relator, cited as conflicting with the ruling herein on appeal: Harris v. Salvato, 175 S. W., 802; Gottlieb v. Dismukes, 230 S. W., 792; Cowdin Grocery Co. v. Early-Foster Co., 237 S. W., 578; Seley v. Williams, 20 Texas Civ. App., 405; Callender Holder & Co. v. Short, 34 Texas Civ. App., 364; Malloy v. Industrial Cot. Oil Properties, 238 S. W., 984; Theodore Keller Co. v. Mangum, 161 S. W., 20; Landa v. Ainsa, 231 S. W., 175; Pittman v. Sanders, 234 S. W., 412; Peoples Ice Co. v. Interstate Cot. Co., 182 S. W., 1163; Patterson v. Smith Bros. Grain Co., 113 Texas, 147; Scott & Mayhall v. Lubbock Grain & Coal Co., 113 Texas, 127.

No briefs for respondents were on file.

MR. PRESIDING JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

In this cause the petitioner, L. E. Armer, is asking for a mandamus to issue requiring the Honorable Court of Civil Appeals for the Fourth Supreme Judicial District at San Antonio to certify to the Supreme Court a question of law in the case of E. A. Marcus, et al.,

Appellants, v. L. E. Armer, Appellee, No. 6967 on the docket of that court.

Suit was filed in the district court of Travis County July 12, 1921, by Armer as plaintiff against Marcus & Allen of Burnet county, Texas. By the pleadings it is shown that about December 1, 1919, Armer contracted with Marcus & Allen at Bertram, Burnet county, for the purchase of a carload of planting cotton seed on sample furnished by Marcus & Allen. At the time it was agreed that Armer would furnish sacks and pay for sacking the seed and pay freight to the point of destination and delivery. Marcus & Allen were to load the seed in the car and ship them to the point of destination, which was later designated as Austin, Travis county, according to agreement. The price of the seed was $112.50 per ton, and $100.00 was deposited by Armer as earnest money on the contract. It was specially alleged that Marcus & Allen stipulated and provided at the time, as a part of the transaction, that they would ship the seed by "shipper's order" bill of lading, with draft attached for the balance of the purchase money. It was further alleged that when the seed were loaded about February 14, 1920. Marcus & Allen procured a bill of lading from the railroad company, and shipped the car of seed to themselves as consignees, designating in the bill of lading Austin, Texas, as the place of delivery. They drew draft, payable at Austin, on Armer for the balance of purchase price and attached same to the "shipper's order" bill of lading, which was endorsed by them. The bill of lading and draft were sent to a bank at Austin, Texas, with instruction to notify Armer and to deliver the bill of lading on payment of the draft. On being notified Armer procured the bill of lading from the bank at Austin by paying the draft and presented same to the carrier, and the car of seed was delivered to him. On inspection the seed were found worthless and not according to the sample furnished. Suit was filed to recover the amount paid for the seed. Marcus & Allen pleaded their privilege of being sued in Burnet county. The trial court overruled this plea. On appeal the Court of Civil Appeals at San Antonio held that there was no obligation in writing on the part of Marcus & Allen to deliver the seed at Austin, or to perform the contract in Travis county, and reversed the case with instructions to change the venue to Burnet county.

Relator alleges that this decision of the Court of Civil Appeals is in conflict with the decisions of other Courts of Civil Appeals of this State in numerous cases. The statement of facts set out in the petition has not been controverted, and in oral argument counsel for respondents admitted that there was such conflict between this decision and some of the cases cited by relator as justified issuance of the mandamus. Without a discussion of the cases we will state that in our opinion there is a conflict between the decision of the Court of

Civil Appeals in this case and the decision by the Court of Civil Appeals of the Third District in the case of Gottlieb v. Dismukes, 230 S. W., 792. There is also conflict between this decision and that of the Court of Civil Appeals for the First District in the case of Malloy v. Industrial Cotton Oil Properties, 238 S. W., 984. We have found it unnecessary to examine as to conflict with other cases cited.

We recommend that the writ of mandamus be granted requiring the Court of Civil Appeals to certify to the Supreme Court the question as to whether or not the trial court erred in overruling the plea of privilege under the facts as alleged and proven.

The opinion of the Commission of Appeals is adopted, and mandamus awarded.

*C. M. Cureton*, Chief Justice.