## VICKERY v. FREEMAN et al. (No. 8109.)*

Court of Civil Appeals of Texas. San Antonio. March 13, 1929.

W. E. Chapman, of Ennis, and A. J. Wirtz and R. A. Weinert, both of Seguin, for appellant.

J. B. Dibrell, of Seguin, for appellees.

SMITH, J. F. C. Vickery operates the Vickery Nut Company at Ennis, in Ellis county. A. B. Freeman and associates operate a mercantile business, including the buying and selling of pecans, at Seguin, in Guadalupe county. In the summer of 1927 Freeman had a large stock of pecans in storage at Seguin, and Vickery, an old customer, inspected this stock with a view of purchasing. He returned to his home at Ennis, and after some correspondence, immaterial to this inquiry, Freeman wrote this offer to Vickery:

"We agree to furnish you with 25,000 (twenty-five thousand) pounds of pecans as good or better than sample submitted at 25 cents per pound, f. o. b. Seguin, Texas. You to have a $500.00 deposit, same to be deducted off of last invoice upon completion of contract.

"Shipment to be started from October 15, 1927."

Appellant replied to this letter under date of September 12th as follows:

"Inclosed please find our check for $500.00 as partial payment of 25,000 pounds choice graded pecans, as per sample sent us by mail."

This exchange of letters constitutes the contract now in controversy. The record is very vague as to just what was done under this contract, but it appears certainly that in pursuance thereof Freeman shipped 10 sacks of pecans to Vickery at Ennis. Vickery at first refused, for an undisclosed reason, to accept the shipment, and yet retained them, or, as Freeman testified, "Mr. Vickery did not accept the shipment of ten sacks; he kept them, but turned them down at first; you understand he had them, and kept them there, and I told him not to ship them back, to go ahead and use them, which he did, and the market went down."

He further testified: "We did not ship him another shipment. * * * We sold and delivered 23,798 pounds of pecans, which Mr. F. C. Vickery refused to accept and pay for, and we afterwards sold them for his account. * * * After we accepted Mr. Vickery's offer and entered into the contract, the pecans declined; they went from 25 cents a pound down to around 18 cents a pound. We had the quality and quantity that he agreed to buy and were ready to deliver; made him an offer to deliver them and he refused to take them."

Vickery refused to purchase the remainder of the pecans he had contracted to purchase. Freeman sued Vickery in Guadalupe county for the difference between the contract price at which the latter agreed to take the undelivered pecans and the price at which Freeman finally sold them. Vickery interposed a plea of privilege to be sued in Ellis county, conceded to be the county of his residence. Freeman controverted this plea, claiming venue for Guadalupe county upon the ground that the case comes within the exception to the venue statute (article 1995, R. S. 1925) embraced in subdivision 5 of that statute, in which it is provided that:

---

*"Contract in Writing.*—If a person has.contracted in writing to perform an obligation in a particular county, suit·may be brought either in such county or where the defendant has his domicile."

The trial court sustained Freeman's contention and overruled the plea of privilege. Vickery appealed from this order, the question of venue being the only one involved in the appeal.

Appellee complains on motion for rehearing that we misapprehended and misstated the facts in the original opinion, reversing the order appealed from, and we have carefully reconsidered the record and restated the facts, in deference to that complaint. The original opinion is accordingly withdrawn, and this will be substituted therefor.

As will be seen, the contract sued on is general in form and substance. By its terms appellee agreed to sell the pecans "f. o. b. Seguin," judicially known to be in Guadalupe county, and appellant agreed to pay 25 cents per pound for the product, to be shipped as specified: That is all there is in the agreement. No provision was made for the time, method, or place of payment. There was no provision as to whom, or at what place or places, the pecans were to be shipped, whether they were to be shipped C. O. D., or shipper's order with bill of lading attached, or shipped open, without condition, or upon open account, or otherwise. The contract was wholly silent upon these aspects of the transaction. Obviously there is no provision requiring appellant to do anything, of whatsoever nature, in Guadalupe county.

It is equally obvious that appellant was not obligated ·to go to Seguin, and there in person, or by agent, receive delivery of the pecans, or to pay for the pecans at Seguin. The implication is rather, from the conduct of the parties, that delivery was to be made and accepted at Ennis, for appellee proceeded under the contract, or under his apparent construction of the contract, to ship a part of the product contracted for, by express, to appellant at Ennis, and after a controversy induced appellant to accept delivery there. It seems, too, that this consignment was shipped on open account, for appellee testified that appellant has never paid for the consignment, and the advance payment of $500 was to apply upon the "last invoice," which indicated that appellant was to pay for each consignment, upon invoice, or statement, to be rendered as the shipments were made. The mere provision that appellee was to place the pecans free on board the cars at Seguin imposed no obligation upon appellant to be performed by him in Guadalupe county. We can see nothing in the contract which brings the case under the exception to exclusive venue invoked by appellee. Allison & Sons v. Hamic (Tex. Com. App.)

260 S. W. 1037; Todd v. W. E. Jamar Seed Co. (Tex. Civ. App.) 252 S. W. 256; Gottlieb v. Dismukes (Tex. Civ. App.) 230 S. W. 792.

Appellee's motion for rehearing is overruled.