### VINSON v. HORTON et al.

No. 6315.

Court of Civil Appeals of Texas. Texarkana.

Oct. 30, 1947.

G. D. Minick, of Mineola, and G. C. Harris, of Greenville, for appellant.

Allen Clark, of Greenville, for appellees.

HARVEY, Justice.

Hal C. Horton et al. sued Alton Vinson, a resident of Wood County, in the County Court of Hunt County, Texas, for damages resulting from breach of an alleged written contract by the terms of which the plaintiffs asserted that the defendant agreed to

deliver to them a certain quantity of corn at Greenville, Texas. The defendant filed his plea of privilege to be sued in Wood County, to which the plaintiffs filed a controverting plea. From the action of the trial court in overruling the plea of privilege, this appeal has been perfected.

The appellant predicates his appeal upon the points that the evidence failed to show any written contract between the parties which was performable in Hunt County, and that the instrument upon which the plaintiffs based their suit was so indefinite and uncertain as to the quantity of corn to be delivered, as well as the time and place of payment therefor, as to make the contract unenforceable. In addition, appellant makes the contention that the plaintiffs' controverting plea failed to allege a contract performable in Hunt County and that it failed to show an intention by the affiant to swear to the truth of the facts contained in the original petition, which was referred to in the plea.

 ‾ The plaintiffs alleged that on February 25, 1947, they entered into a written contract with the defendant by which he was to sell them three truckloads of corn for $2.70 per hundred pounds, to be delivered to plaintiffs in Greenville, Texas; that it was understood that each truckload would contain 25,000 pounds of corn and to be delivered on specific dates; that the defendant refused to deliver the corn as agreed upon and suit was filed by plaintiffs for a total sum of $433.72, which was the difference between the amount that they would have had to pay defendant under the contract and the amount they actually paid for the same quantity of corn purchased elsewhere. The instrument upon which the plaintiffs relied to establish venue in Hunt County is as follows:

"Greenville, Texas.
Feb. 25th, 1947.

Vinson Grain Co.,
Alba, Texas.

Gentlemen:

This confirms purchase from you today of three truck loads of No. 2 yellow corn for $2.70 per 100# bulk delivered here. You can make this five loads if you want to. Delivery to be on the first load on Monday March 3rd and as rapidly thereafter as trucking possible. Last load to be delivered within 10 days.

Keep your offers before us as we are using quite a bit at our house in Terrell as well as Greenville.

Sincerely,
s/s Hal C. Horton
Hal C. Horton."

The evidence adduced upon the hearing on the plea of privilege shows that on February 25, 1947, Horton saw one of defendant's trucks having a capacity of about 25,000 pounds loaded with corn and parked on the streets of Greenville. He called defendant over the telephone and ordered three loads of corn at $2.70 per hundred pounds, to be delivered in Greenville. On the same day Horton wrote Vinson the letter of confirmation hereinabove set out, which was in accordance with trade practice and custom. It was shown that $2.70 was the market price of corn on the date of the purchase by Horton; that both parties understood the corn was to be delivered at Greenville; and that the capacity of the trucks was about 25,000 pounds each. A number of letters were written to Vinson by Horton, requesting delivery of the corn, and no repudiation of the agreement was ever made by Vinson. The plaintiffs in the case (appellees here) assert that the letter of confirmation is a sufficient basis upon which to bring their cause of action within Subdivision 5 of Article 1995, R.C.S. of Texas, 1925, as amended in 1935, Vernon's Ann.Civ.St. art. 1995, subd. 5, and thus to sustain venue in Hunt County, said article reading as follows: "If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

It is now definitely settled in Texas that it is not necessary in order to constitute a "contract in writing" that the agreement be signed by both parties; one may sign and the other may accept by his acts, conduct or acquiescence in the terms of the agreement. 43 Tex.Jur., p. 724; 67 C.J., p. 32, Sec. 37; Martin v. Roberts, 57 Tex. 564;

Clegg v. Brannan, 111 Tex. 367, 234 S.W. 1076; Gottlieb v. Dismukes, Tex.Civ.App., 230 S.W. 792; Grainger v. Gottlieb, Tex. Civ.App., 234 S.W. 604; Port Iron & Supply Co. v. Casualty Underwriters, Tex.Civ. App., 118 S.W.2d 627. Applying this principle to suits arising under the exception to the general venue statute above mentioned, there are many precedents to the effect that where one has agreed to or accepted a written contract performable in a county other than the one in which he resides, even though he has not signed the contract, venue will lie in the county where the contract is performable. Haynes v. Gilsonite Const. Co., Tex.Civ.App., 298 S. W. 640. The facts of the instant case are much stronger than the ones in Gottlieb v. Dismukes, supra. In the present suit the agreement was made over the telephone; the confirmation was sent to the defendant Vinson; on that date he placed in his file a card with the following notation on it: "Three loads of shelled corn, $2.70; phone." On March 18, 1947, he mailed this card to Horton with the following letter:

"Mr. Hal C. Horton:

Dear Sir:

Received your letter this morning about the corn. I had the corn bought. It was from a small place and he claimed he *diden* have the corn so he *cancled* my order on me and I did not get the corn,

Yours truly

Alton Vinson."

Prior to this time Vinson had told Horton the same facts as outlined in this letter. At no time did he repudiate the letter of confirmation, but in his testimony stated that he knew that Horton was depending on him for delivery of the corn. The reason for the nondelivery of the corn is very evident from the letter he wrote. Therefore, having accepted the terms of the written instrument sent him by Horton, which confirmed the details of the oral agreement, and by his conduct having caused Horton to rely thereon, he was bound by it; it being a written contract performable in Hunt County, he was suable there. The contract is not vague or uncertain as to the place of performance because it is dated Greenville, Texas, of which judicial knowledge will be taken that such city is in Hunt County. In the confirmation it is stated that the corn is "to be delivered here." No other meaning could be given to the word "here" than that it is referable to Greenville. The contract not specifying the time and place of payment for the corn, the law presumes that it was to be paid for at the point of delivery when made. Too, extraneous evidence, that is the oral agreement between the two, can be looked to in aid of the ascertainment of the capacity of the trucks. Sherman Oil Co. v. Dallas Oil & Refining Co., Tex.Civ.App., 77 S.W. 961.

With regard to the point raised by appellant that the controverting plea was insufficient to allege a contract performable in Hunt County, it is to be noted it is alleged in said plea that the suit was to recover the difference in what plaintiffs were required to pay for corn which the defendant had contracted in writing to sell and deliver to plaintiff in Greenville, Hunt County, Texas, which he failed and refused to deliver, and the amount they had to pay for the corn from other parties; that by virtue of the provisions of Art. 1995, Subdivision 5, R.C.S. of Texas, Vernon's Ann.Civ. St. Art. 1995, subd. 5, venue was in Hunt County. We think these allegations were sufficient. It is not necessary to make the petition a part of the controverting affidavit, although this may be done by reference to and adoption of it. All that is necessary for the plaintiff to allege in his controverting plea are the "venue facts"; that is, the ones that are stated in the particular exception to the general venue statute upon which one relies to sustain venue, fully stating those facts. The trial court may look to the original petition in order to ascertain the nature of the suit. Cowden v. Cowden, 143 Tex. 446, 186 S.W.2d 69.

The trial court properly having overruled defendant's plea of privilege, his judgment is in all things affirmed.