**DOWDELL v. GINSBERG.**

No. 15276.

Court of Civil Appeals of Texas.
Fort Worth.

Nov. 9, 1951.

Rehearing Denied Dec. 7, 1951.

Robert C. Johnson, of Dallas, for appellant.

Hutchison & Hutchison, of Paris, and Reuben M. Ginsberg, of Dallas, for appellee.

CULVER, Justice.

Appellant Dowdell sued appellee Ginsberg, a resident of Lamar County, in the district court of Dallas County for debt. Appellant controverted the plea of privilege, alleging that venue was maintainable in Dallas County under subdivision 5, Article 1995, Vernon's Ann.Civ.St. of Texas. The plea of privilege was sustained by the trial court, from which order appellant brings this appeal.

The facts are without dispute. On August 15, 1950, appellee mailed a written purchase order to appellant. On August 16, 1950, appellant mailed to appellee an invoice on his usual form, describing that portion of the order which appellant could ship at that time, showing the prices thereof and the terms of payment, which included "invoice payable at 4024 Swiss, Dallas 4, Texas," and noting that the balance of the goods would be shipped within six to seven weeks. The goods listed in that invoice were delivered to appellee, who paid the price therefor as stated in the invoice.

On October 4, 1950, appellant mailed a second invoice on the usual form, listing a portion of the order and stating the price therefor and the notation, "balance to be shipped from factory 11–6–50" and containing the same terms and conditions relative to payment. The merchandise described in the second invoice was delivered to appellee who paid appellant therefor according to the terms of said invoice.

On November 7, 1950, appellant mailed appellee a third invoice form, listing the balance of the merchandise ordered and the prices therefor, but otherwise identical with the first two invoices.

The merchandise described in the third invoice was delivered to appellee but on November 20, 1950, he wrote appellant a letter acknowledging that the goods had been ordered and received, but requested permission to return the same. This suit is for the price of the merchandise delivered to appellee and described in the invoice dated November 7, 1950.

Appellant maintains that the plea of privilege should have been overruled because: (1) he alleged and proved a cause of action against appellee for debt upon a written contract, wherein appellee agreed in writing to pay the debt sued on in Dallas County; (2) appellee adopted and ratified the written invoices as the contract between the parties, such invoices expressly providing they were payable in Dallas County; and (3) that it was the custom of the parties to complete their sales contract by appellant's acceptance of appellee's order on the usual invoice forms, containing the prices and terms of sale, and that the sale involved in this suit was handled in conformity with such custom.

The trial court, after finding the facts to be substantially as set forth above, concluded as a matter of law: (1) "Defendant's written purchase order was accepted by delivery of the merchandise ordered and constituted the written contract between the parties." (2) "The three invoices mailed by the plaintiff to defendant are not a part of the contract between the parties."

The first invoice was mailed on the day the order was received and we think it may be assumed therefore that this invoice was received by appellee prior to the delivery of the first shipment. Appellee accepted the delivery of all merchandise and raised no question about the terms, prices and conditions set forth in the respective invoices.

■ Quoting from the recent case of Vinson v. Horton, Tex.Civ.App., 207 S.W. 2d 432, 434, a venue case, in which the facts are quite similar to those under consideration, "It is now definitely settled in Texas that it is not necessary in order to constitute a 'contract in writing' that the agreement be signed by both parties; one may sign and the other may accept by his acts, conduct or acquiescence in the terms of the agreement." Gottlieb v. Dismukes, Tex.Civ.App., 230 S.W. 792; Universal Mills v. Lasseter, Tex.Civ.App., 87 S.W.2d 343.

■ In our opinion the invoice constitutes a part of the contract which appellee assented to by his acceptance of the merchandise and by his silence. He is there-fore bound by the terms of the contract to pay for the merchandise in Dallas County, Texas. Taylor Const. Co. v. Clynch, Tex. Civ.App., 196 S.W.2d 700.

Appellee cites the cases of Ferguson v. Sanders, Tex.Civ.App., 133 S.W.2d 806 and Smith Grain Co. v. H. H. Watson Co., Tex. Civ.App., 285 S.W. 868, in support of his contention, that the invoices do not constitute a part of the contract, and to the extent that they seek to impose a venue provision, they are ineffective. In the Ferguson case, there was a completed parol agreement. In the Smith Grain Company case, there was a completed contract in writing by the exchange of telegrams. The holding in both cases was to the effect that the contract was complete and could not be thereafter added to or altered by a written confirmation. We think the cited cases are not in point here. The price of the goods and other terms were quoted for the first time in the invoices. There was no prior completed contract, either oral or written. The judgment of the trial court is reversed and rendered.

Reversed and rendered.