Marvin S. HARRISON d/b/a Sun Glass Co.,
Appellant,

v.

FACADE, INC., Appellee. ·

No. 15995.

Court of Civil Appeals of Texas.

Dallas.

March 16, 1962.

Milburn, Bell, Knight & Barnes, Odessa, for appellant.

Wynne, McKenzie, Stroud, Jaffe & Tinsley, and Warren Hicks, Dallas, for appellee.

WILLIAMS, Justice.

This is a venue case involving Sec. 5, Art. 1995, Vernon's Ann.Civ.St. Facade, Inc., sued Marvin S. Harrison, d/b/a Sun Glass Company, in a District Court of Dallas County, Texas, alleging that the defendant was indebted to it in certain sums as evidenced by a number of written invoices, attached to the verified petition. Harrison filed his plea of privilege to be sued in Ector County, Texas, the county of his residence. In controverting plea Facade, Inc., alleged that the indebtedness grew out of a contract in writing providing for payment in Dallas, Texas, hence venue being proper in Dallas County, Texas within the meaning of Sec. 5, Art. 1995, V.A.C.S. Following hearing, the District Judge overruled the plea of privilege and the sole question presented by this appeal is the propriety of such ruling.

It was established without dispute that there had been a course of business dealings between appellant and appellee since 1959. Appellant, Harrison, operated a sole proprietorship known as Sun Glass Company at Odessa, Texas and had purchased merchandise from appellee, Facade, Inc., for several years. From time to time appellant ordered goods from appellee, utilizing both telephone and written purchase orders. Each of appellant's purchase orders contained the following provision: "Please invoice in duplicate. Notify us immediately if you cannot fill this order as directed. This order must not be filled at higher prices than last quoted without notice." Each such purchase order was signed by Harrison. When such orders, whether by telephone or written purchase order, were received by appellee, the goods were shipped, and a written invoice embodying the terms of the order was made out and later sent to appellant. Several orders were received and handled in this manner prior to the orders which formed the basis of this suit. The standard invoice form used by appellee and mailed to appellant contained the statement: "Net 10th of month following date of purchase. All accounts due and payable Dallas, Texas." Appellant voluntarily and without objection made payments on prior accounts in Dallas, Texas in accordance with the terms of the invoice. In fact, a check in partial payment of the account sued upon was mailed to appellee in Dallas, Texas, although subsequently payment on such check was stopped by appellant.

Sec. 5 of Art. 1995, V.A.C.S., provides that if a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile. Appellant, in his brief, states: "In the case at bar, there has been established (1) an obligation in writing; (2) execution by appellant (defendant in the trial court); but (3) the appellee has wholly

failed to show that the obligation in writing is performable in the county of suit." By this admission appellant candidly concedes the existence of a written agreement between the parties but contends that since appellant's purchase order designated no place of payment the venue cannot be laid outside of that county.

Appellant also concedes in his brief that the law is definitely settled that it is not necessary, in order to constitute a "contract in writing", that the agreement be signed by both parties; that one may sign and the other may accept by his acts, conduct or acquiescence in the terms of the agreement. Vinson v. Horton (Tex.Civ. App.), 207 S.W.2d 432.

■ Since trial was before the court, without a jury, and since there are no findings of fact or conclusions of law either requested or given, we are governed, in testing the validity of the trial court's judgment, by the assumption that the trial court found every disputed fact in such a way as to support the judgment. Construction & General Labor Union v. Stephenson, 148 Tex. 434, 225 S.W.2d 958; Suit v. Taylor, Tex.Civ.App., 218 S.W.2d 243.

A careful review of the entire record in this case, when considered with admissions and established legal precedents above enumerated, reveals ample evidence of sufficient agreement in writing between the parties, completely evidencing their intention, sufficient to bring the case clearly within the ambit of exception 5 of the General Venue Statute, Art. 1995, V.A.C.S. The parties started out in 1959 to engage in a course of business conduct not at all unusual. In some instances appellant, utilizing its written executed purchase order, would place an order for such goods or merchandise to be shipped by appellee to the designated place elected by appellant. On other occasions orders would be telephoned to appellee by appellant. The written purchase order of appellant specifically requested appellee to send an invoice in duplicate. The record reveals that in each instance appellee did forward to appellant its invoice which contained a statement in writing, that the account, and all accounts were payable in Dallas, Texas. In each instance appellant received the goods, accepted the invoice with the terms contained thereon, and paid the account to appellee at Dallas, Texas. Appellant admitted on the witness stand that he had never remonstrated nor objected to the provisions of the printed invoices naming and designating the place of payment as Dallas, Texas and further admitted that he had always paid the account in Dallas, Texas.

■■ In deciding the character of the contract between the parties the cardinal rule of construction of all contracts applies, i. e., what was the intention of the parties? Pitts v. Camp County, 120 Tex. 558, 39 S.W.2d 608. It is elementary that it is the objective intent of the parties as manifested by their conduct, which governs each case, and not their subjective or secretive intent. 1 Williston on Contracts, § 22, pp. 41–43. It is also well established that the parties will be presumed to have entered into a contract on the basis of the general customs and usages of the particular business concerning which their agreement is made. Latta v. Transit Grain Co., Tex.Civ.App., 222 S.W.2d 467. Accordingly, in the light of these rules, it becomes manifest from the record that appellant contracted with appellee on the basis of a custom by which certain important terms of the agreement were to be incorporated in appellee's invoices, and that he accepted the invoice provisions as his written contract by (1) his purchase order request that the goods be invoiced, (2) his silence and failure to object to the invoice terms, (3) acceptance of the goods and invoice, (4) prior payments made in Dallas, Texas and by (5) attempted payment of this very account in Dallas, Texas.

■ We believe that this case falls certainly within the rule announced in Dowdell v. Ginsberg, Tex.Civ.App., 244 S.W.2d 265 wherein the invoice was relied upon

to establish place of payment. There, the court said: "In our opinion the invoice constitutes a part of the contract which appellee assented to by his acceptance of the merchandise and by his silence. He is therefore bound by the terms of the contract to pay for the merchandise in Dallas County, Texas. Taylor Const. Co. v. Clynch, Tex.Civ.App., 196 S.W.2d 700." Appellant here, as did appellee in the Dowdell v. Ginsberg case, supra, relies upon such cases as Ferguson v. Sanders, Tex.Civ.App., 133 S.W.2d 806 and Smith Grain Co. v. H. H. Watson Co., Tex.Civ.App., 285 S.W. 868. As pointed out by Justice Culver in Dowdell v. Ginsberg, supra, in the Ferguson case there was a completed full agreement, prior to the invoice, and in the Smith Grain Co. v. H. H. Watson Co., supra, there was a completed contract in writing by the exchange of telegrams. The holding in both of those cases, as well as our opinion in Back v. Radio City Distributing Co., 286 S.W.2d 672, was to the effect that the contract was complete and could not be thereafter added to or altered by a written confirmation. However, the rule in those cases is inapplicable here, as it was in Dowdell v. Ginsberg, supra, because the price of the goods and other items were quoted for the first time in the invoice. There was no prior completed contract, either oral or written. The contract did not become complete until appellant accepted the invoices together with the goods, such acceptance being without protest or reservation of any kind.

The specific venue provisions contained in each of the written invoices delivered to appellant by appellee, at appellant's specific request, being an integral part of the admitted written contract between the parties, the judgment of the trial court is correct. In addition to the foregoing authorities see also Skinner v. Alice Pipe & Supply Co., Tex.Civ.App., 251 S.W.2d 752; Nelson v. Dunigan Tool & Supply Co., Tex.Civ. App., 265 S.W.2d 680; Harry F. Frey & Co. v. W. D. Lacy Feed Co., Tex.Civ.App., 272 S.W.2d 675; Beasley v. Barshop, etc. (Tex.Civ.App.), 352 S.W.2d 927; Clark,

Venue in Civil Actions, 40.42; 43–B Tex. Jur. § 38, pp. 160–163, and cases therein cited.

The judgment of the trial court is affirmed.