**HARRY NEWTON, INC., et al., Appellants,**

**v.**

**H. RICHARDS OIL COMPANY, Appellee.**

No. 11247.

Court of Civil Appeals of Texas.

Austin.

Jan. 6, 1965.

Rehearing Denied Jan. 20, 1965.

Jennings, Montgomery & Dies, Graham, for appellants.

Kuykendall & Kuykendall, Austin, for appellee.

HUGHES, Justice.

This is a venue case in which the appellants are Harry Newton Inc., Harry New-

ton and Commonwealth Insurance Company of New York. Appellee is H. Richards Oil Company.

Appellee sued appellants and W. S. Luckie Construction Company, Inc., hereinafter called Luckie, for the sum of $11,-181.16 for gasoline and other petroleum products sold and delivered to Luckie and used on the highway project mentioned below. Harry Newton Inc. and Commonwealth were sued under allegations that Harry Newton Inc. was prime contractor under a contract with the Texas State Highway Department for construction of highway improvements in Milam County, that Harry Newton Inc. and Commonwealth had executed a statutory payment bond as required by Art. 5160, Vernon's Ann.Tex. Civ.St., and that Luckie was a subcontractor under Harry Newton Inc.

Harry Newton was sued individually under allegations that he had executed a contract inuring to the benefit of appellee in that it obligated Mr. Newton to assume and pay for the account here sued upon by appellee.

Appellee alleged the giving of all notices required by Art. 5160, V.T.C.S. to Luckie, Harry Newton Inc. and Commonwealth.

Appellee prayed for a joint and several judgment against all parties sued, for attorney's fees and costs and for an order directing payment of its judgment from any monies held by the Highway Department and owing under its contract with Harry Newton Inc.

Commonwealth pleaded its privilege to be sued in Dallas County. Harry Newton Inc. pleaded its privilege to be sued in Young County, as did Harry Newton.

These pleas were controverted by appellee in separate pleadings, each of which adopted the allegations of its original petition, and alleged the facts therein stated to be true.

As to Commonwealth, appellee pleaded that defendant Luckie, a corporation, had its principal office in Milam County and that suit was maintainable in Milam County against it under Sub. 23, Art. 1995, providing, in part, that suits against a private corporation may be brought in the County in which its principal office is located, and that Commonwealth was a necessary and proper party to such suit and, to avoid a multiplicity of suits, venue as to Commonwealth was in Milam County.

Venue in Milam County as to Commonwealth was also averred under Sub. 4 of Art. 1995, which provides, in part, that if two or more defendants reside in different counties suit may be brought in any county where one of the defendants resides. Appellee alleged that it had pleaded a cause of action against Commonwealth.

Venue as to Commonwealth in Milam County was also alleged under the provisions of Art. 5160, V.T.C.S., which provides, in part (Sec. G), that all suits instituted under provisions of such Act [An Act requiring payment and performance bonds to be given by a prime contractor contracting with a State agency etc.] shall be brought in the county in which the project or work, or any part thereof, contracted to be performed, is situated.

In controverting the plea of privilege of Harry Newton Inc., appellee alleged, in addition to averments noted above, that Harry Newton Inc. had executed a contract by which it agreed to pay all claims and accounts owing by Luckie Construction Company Inc., in connection with the highway project in Milam County, and that a controversy existed between Luckie and Harry Newton Inc. as to the effect of such agreement and that said defendants were necessary and proper parties in order to avoid a multiplicity of suits.

Appellee also pleaded venue under Sub. 4, Art. 1995, and Art. 5160 as to Harry Newton Inc. In addition, appellee alleged that Harry Newton Inc. was a necessary party to this suit under Sub. 29a, Art. 1995.

In controverting the plea of Harry Newton allegations were made similar to those noted above and venue as to him was sought to be sustained under Subs. 4 and 29a, Art. 1995, and Art. 5160.

These controverting pleas were answered by appellants who alleged that before and since the filing of this suit Harry Newton Inc. had tendered appellee more than the amount due it according to the notices which it had sent to Harry Newton Inc. as required of appellee by Art. 5160, and that these tenders were rejected. The amount tendered was $3,212.74.

Appellants also pleaded that they are not necessary or proper parties to this suit because neither Harry Newton Inc., nor Harry Newton owe any money to Luckie, and that this fact has been established by a judgment rendered in the Young County District Court, hence there is no existing controversy between Luckie and Harry Newton Inc. as to the effect of the agreement pleaded by appellee as having been executed by Harry Newton for its benefit.

Appellee alleged that it was not a party to such suit and is not bound by the judgment of the Young County District Court.

This judgment decrees that all the covenants of consideration expressed in the Bill of Sale [contract] from Luckie to Harry Newton have been fully paid and no further liability exists by reason of such instrument.

The basic facts were admitted by Luckie and were to the effect that Luckie was a subcontractor under Harry Newton Inc., a prime contractor with the State Highway Department for highway construction in Milam County and that appellee sold petroleum products to Luckie which were used on the construction job. Also, that appellee requested payment of its account, $11,-181.16, from Luckie more than 30 days prior to the institution of this suit.

Appellants' first two points are that the court erred in receiving in evidence the admissions, noted above, of Luckie against them, and that without such admissions there is no basis for holding venue under Art. 5160.

We quote from appellants' reply to appellee's controverting pleas:

"The only possible exception to exclusive venue in the county of residence of these defendants that is now plead or that ever could have been rightfully plead is Subdivision 30 of Article 1995, when taken in connection with paragraph G of Article 5160 of the Revised Civil Statutes of the State of Texas. Before the filing of this suit by the plaintiff, the defendant Harry Newton, Inc., recognized and acknowledged liability to said plaintiff under and by virtue of said Article 5160 as to those items of account for which the requisite notice as given.

\* \* \* \* \* \*

"The 'written notices' alleged in paragraph 9 of Plaintiff's First Amended Original Petition to have been mailed on July 3, 1962, purports to cover sales of petroleum products by the plaintiff to W. S. Luckie, Inc., for the period commencing December 1, 1961, and ending June 7, 1962, and was received by the defendant Harry Newton, Inc., subsequent to July 3, 1962. The claim of the plaintiff is based upon a regular open account with W. S. Luckie, Inc., with no agreement between said contracting parties that the payment for such supplies and petroleum products were not to be made in full in the month next following the month in which the materials were delivered. Harry Newton, Inc., was the prime contractor on the State Highway involved in this litigation and had no direct contractual relationship with the plaintiff. W. S. Luckie Inc., was a subcontractor on said project who contracted with the plaintiff for certain goods, wares and merchandise.

\* \* \* \* \* \*

"Only those sums due for materials furnished by the Plaintiff to W. S. Luckie, Inc., commencing May 4, 1962, and ending June 7, 1962, constitute a liability of Harry Newton, Inc., under the terms of Article 5160 for the reason that only those sums were adequately covered by the notice provisions hereinabove quoted."

■ It is our opinion that these judicial admissions made by appellants are sufficient in themselves to establish the elements of a suit by appellee under the provisions of Art. 5160.

In addition to the above, Harry Newton, in response to interrogatories, testified: That Harry Newton Inc. was awarded a contract, as prime contractor, for the construction of a highway project in Milam County; that Luckie was a subcontractor on such project; that Luckie received a written notice of appellee's claim for $11,-181.16.

When the attorney for appellee was being cross-examined by counsel for appellants regarding the sworn account of appellee which had been admitted in evidence, the following testimony was elicited by appellants:

"Q Let's just make sure I understand your testimony Mr. Kuykendall. You have identified Plaintiff's Exhibit No. 8A copies of what purports to be sale tickets or invoices made by H. Richards Oil Company to W. S. Luckie, is that true of all of them.

"A Well, some of them I think you will find W. S. Luckie and some W. S. Luckie, Inc., but they are included on this project, delivered to the project that is in Milam County, Texas."

■ It is our opinion that the admission of the Luckie admissions and their use against appellants, if they were so used, is, if error, harmless error in view of other evidence and judicial admissions from which the trial court could have found the essential elements of a suit under the provisions of Art. 5160. These points are, therefore, overruled.

■ Appellants' third and fourth points are that under the notices sent by appellee to Newton Inc. and Commonwealth, and received by them, pursuant to the requirements of Art. 5160, subd. B, V.T.C.S., appellee was entitled to be paid only the sum of $3,212.74, which amount was tendered to appellee before and after this suit was filed. Neither tender was accepted.

The notice sent by appellee is in the record. It lists many sales of petroleum products made to Luckie by appellee and, after allowing certain credits, strikes a balance due of $11,181.16, the amount claimed in this suit.

Appellants undertake to demonstrate that of the amount claimed as due in such notice and here sued for only the amount of $3,212.74 is a legal obligation of Harry Newton Inc. and Commonwealth.

It is our opinion that this is a matter relating to the merits of the case and not triable on a venue hearing. We, therefore, and without expressing any opinion on the validity of the contentions made, overrule the points under discussion.

Appellants by their fifth point contend that venue cannot be sustained in Milam County as to either of them under Subs. 4 or 29a because (a) Luckie was not a resident of Milam County (b) appellee was not a third party beneficiary under the contract pleaded by him, and appellants had discharged their liability thereunder, and (c) appellants had, by their tenders, relieved themselves of all liability under Art. 5160, the only liability they had in common with Luckie.

■ This suit was filed January 23, 1963, at which time Luckie, a corporation, was registered with the Secretary of State of Texas as having its office in Milam

County. On May 28, 1963, the registered office of Luckie was changed to Travis County. It has been held that the place of a corporation's registered office under The Texas Business Corporation Act is a statutory place of residence of the corporation. Ward v. Fairway Operating Company, 364 S.W.2d 194, Texas Supreme Court.

It has also been held that the facts existing at the time of filing suit controls the issue of venue. Haney v. Henry, 307 S.W.2d 649, Amarillo C.C.A.

It is not questioned but that appellee alleged and proved a cause of action against the resident defendant Luckie. It was then, under Sub. 4, Art. 1995, necessary for appellee to allege a joint cause of action against all defendants or at least a cause of action against the nonresident defendants pleading their privilege so intimately connected with the cause of action alleged and proved against the resident defendant that they may be joined to avoid a multiplicity of suits.

Clearly the suit alleged against Harry Newton Inc. and Commonwealth falls in this category. They are each charged with liability under a payment bond executed by them jointly under Art. 5160 for the benefit of claimants such as appellee. Sec. C, Art. 5160. We hold that venue as to these appellants was properly held to be in Milam County under Sub. 4, Art. 1995.

The contract, or bill of sale, from Luckie to Harry Newton provided, in part:

"The payment by Harry Newton on behalf of W. S. Luckie, Inc. of certain claims and accounts now unpaid but which have been incurred and will be accrued in the future by W. S. Luckie, Inc., in connection with the Milam County road construction project hereinabove identified, * * *"

The institution of suit by appellee to recover on this contract is sufficient to constitute acceptance of it by appellee. 13 Tex.Jur.2d, p. 630.

A contract for the benefit of third persons may be modified or rescinded prior to its acceptance by such third persons. 13 Tex.Jur.2d, p. 622.

Appellant Newton relies upon a judgment entered in the District Court of Young County, February 19, 1964, which declared that Harry Newton Inc. and Harry Newton plaintiffs "are not now indebted to the defendant, W. S. Luckie Inc., and have at no time been so indebted subsequent to the completion of the State Highway Department Project identified as F-FG 191 (12) 210-2-9 * * *"

Under the decision in Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, we should give no effect to this judgment in determining the venue of this case under Sub. 4 as to the nonresident Newton because only the pleadings should be looked to for this purpose. Giving such judgment full effect, however, we cannot say that its self-serving declarations are conclusive against the rights of appellee under the bill of sale (contract) from which we have quoted. Other facts, not present here, are to be ascertained before liability or nonliability of Newton to appellee under such contract can be determined. We are not here concerned with such liability.

It is our opinion that appellee has pleaded a cause of action against Newton so closely connected with the suit pleaded and proved against Luckie that, in order to avoid a multiplicity of actions, appellant Newton's plea of privilege should be overruled.

Appellants' last two points are that all issues in this case are moot because the tender to appellee discharged appellants from liability under Art. 5160, and that appellee has used bad faith in drawing his pleadings.

The liability of Harry Newton, if any, is not concerned with Art. 5160; it is contractual.

We have already considered and overruled the contention that the controversy over the amount due appellee by appellants Commonwealth and Harry Newton Inc., is relevant to the venue issue.

As to appellee's bad faith, we find nothing in the record to sustain this charge.

The judgment of the trial court overruling appellants' pleas of privilege is affirmed.

Affirmed.