**OCEAN SYSTEMS, INC., Appellant,**

v.

**EDUCATIONAL AND RESEARCH DE-VICES, INC., Appellee.**

No. 8358.

Court of Civil Appeals of Texas, Amarillo.

March 26, 1973.

Rehearing Denied April 23, 1973.

Crenshaw, Dupree & Milam, Cecil Kuhne and Tom A. Milam, Lubbock, for appellant.

McWhorter, Cobb & Johnson, Jack P. Driskill, Lubbock, for appellee.

REYNOLDS, Justice.

Appellant-defendant Ocean Systems, Inc., has brought this appeal from an order overruling its plea of privilege. Affirmed.

Appellee plaintiff Educational Research Devices, Inc., also known as the Edrede Co. and herein designated as Edrede, filed suit in Swisher County against Ocean Systems, Inc., alleged to be a foreign corporation doing business in Texas. Edrede's petition was in the form of a sworn account for the balance claimed due and payable in Swisher County for power package units for undersea work assembled in Swisher County for Ocean Systems, Inc., pursuant to an alleged written contract between the parties. Ocean Systems, Inc., responded with its plea of privilege asserting the right to have the cause transferred to, and to be sued in, Harris County, the county pleaded to be its domicile. Subject to its plea of privilege, Ocean Systems, Inc., filed its answer containing a verified denial of the justness of the account alleged. Edrede controverted the plea of privilege with claims that venue was proper in Swisher County under Vernon's Ann.Civ. St. art. 1995, subdivisions 3, 5 and 27. Following a hearing, the trial court entered an order overruling the plea of privilege and this appeal ensued.

■ Findings of fact and conclusions of law were neither requested nor filed. It is conjectural whether the trial court found venue to exist in Swisher County under any one, two or all three of the subdivisions of art. 1995 pleaded. In any event, the appellate test of the propriety of the order is the same as in any other case, and the venue order must be affirmed if it is supported by sufficient evidence. Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97 (1953).

■ Edrede's reliance on subdivision 27 of the venue statute to maintain venue in Swisher County is predicated on those portions of the subdivision that provide suit against a foreign corporation not incorporated under the laws of, and doing business in, Texas may be maintained in the county where a cause of action, or a part thereof, arose. The verified pleaded allegations of the foreign corporate status of Ocean Sys-

tems, Inc., and the written contract upon which Edrede relied were incorporated in the controverting affidavit before the court; and, at the venue hearing, Edrede's verified petition was introduced in evidence together with the instruments alleged to constitute the contract, which specified payment was to be made in Swisher County where the evidence shows Edrede performed its work. Neither the corporate status alleged, nor the execution of the alleged contract by Ocean Systems, Inc., or by its authority, nor the justness of the account verified as contemplated by Rule 185, Texas Rules of Civil Procedure, was denied under oath in the plea of privilege and, under Rules 86 and 93, T.R.C.P., these matters must be taken as established for venue purposes. These established facts considered in connection with the evidence that Edrede performed in Swisher County and the written contract designated Swisher County as the place for payment performance by Ocean Systems, Inc., constitute evidence of sufficient probative force to sustain the trial court's order under subdivision 27. London Properties, Inc. v. Howard-Associated-Page Services, Inc., 474 S.W.2d 580 (Tex.Civ.App.—San Antonio 1971, no writ), and cases cited therein.

■ Nevertheless, Ocean Systems, Inc., contends that Edrede's cause of action was not established because the justness of the account sued on was denied under oath in the answer filed by Ocean Systems, Inc., and the evidence shows a material breach of the contract. Neither contention is available to overcome the venue proof. At the venue hearing, the answer of Ocean Systems, Inc., was not before the court for consideration of the verified denial of the justness of the account sued on; moreover, under the due order of pleadings, if the answer were submitted to place the correctness of the account in issue before determination of the plea of venue, the jurisdictional power of the court would be invoked over the issue with the consequent waiver of the plea of privilege. Moore v. James, 242 S.W.2d 958 (Tex.Civ.App.—

San Antonio 1951, mand. overr.), and cited cases. The contention that the evidence shows a material breach of the contract is a defensive plea that reaches the merits of the action and is not a subject of inquiry on the venue hearing, Harvey v. Bain, 140 Tex. 375, 168 S.W.2d 234 (1943), where the plaintiff is not required to defeat affirmative defenses. 1 McDonald, Texas Civil Practice § 4.30.2.

Venue being proper in Swisher County under subdivision 27 of V.A.C.S. art. 1995, it is unnecessary to determine if the record is sufficient to support the trial court's order under either subdivision 3 or 5, or both, of the venue statute.

The trial court's judgment is affirmed.