PUBLIC SERVICE LIFE INSURANCE
COMPANY, Appellant,

v.

W. P. COPUS, dba Executive Services,
formerly Executive Services of
NMC, Inc., Appellee.

No. 692.

Court of Civil Appeals of Texas,
Tyler.

April 26, 1973.

Rehearing Denied May 10, 1973.

David O. Smith, McGown, Godfrey, Decker, McMackin, Shipman & McClane, Fort Worth, for appellant.

Victor C. McCrea, Jr., Weaver & McCrea, Dallas, for appellee.

MOORE, Justice.

This is a venue suit. Appellee, W. P. Copus, doing business as Executive Services, sued appellant, Public Service Life Insurance Company, a corporation, domiciled in Tarrant County, upon a debt alleged to be due and owing by appellant. The suit was filed in Dallas County. The insurance company duly filed its plea of privilege to be sued in Tarrant County, the county of its residence. Appellee controverted the plea of privilege, alleging venue was maintainable in Dallas County under subdivisions 5 and 23, Article 1995, Vernon's Ann.Civ.St. of Texas. The appellant's plea of privilege was overruled by the trial court, from which order and ruling appellant brings this appeal.

The record shows that on April 10, 1970, one Millard Collins wrote a letter to appellee, Executive Services, in Dallas ordering certain material in the nature of a mailing list. The letter was typed upon a printed letterhead of Public Service Life Insurance Company and reads as follows:

"Gentlemen:

"Per your request we hereby order approximately twenty-five (25) to twenty-eight thousand (28) individual names of persons 65 years or older. Omit the zip code areas which include Negros and Mexicans in both Dallas and Tarrant Counties. We request Chesire Labels and mail them to P. O. Box 551, Ft. Worth, Texas 76101.

"Sincerely,

"Public Service Life Insurance Company (Signed Millard Collins)"

In response to the letter, Executive Services prepared the list of names requested and delivered the material directly to Mr. Collins at his office in Dallas. Prior to delivery, Executive Services attached its invoice to the material and delivered the invoice along with the material requested. The invoice was on stationery of Executive Services and stated, in part, as follows: "Please Pay From Invoice— 24,946 senior citizens in Dallas and Tarrant counties @ 40. per thousand—$997.84 —all accounts payable net within 10 days in Dallas, Dallas County, Texas at the of-

fices of Executive Services, 2711 Cedar Springs."

Appellee testified that after the account became delinquent he had made several phone calls to the insurance company but that all he had ever gotten was a promise to look into the matter. On one occasion, he testified he talked to a Freida Cook, who identified herself as secretary to the president and she advised him the bill would be paid. He testified that he finally wrote a letter to a Mr. Richard Dale at the company offices in Fort Worth demanding payment but received no reply and that the account was due, owing and unpaid.

Subdivision 5 of Article 1995, supra, provides:

"5. Contract in writing.—If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

In order to maintain venue under subdivision 5 of Article 1995, V.A.T.S., the plaintiff must prove (1) an obligation in writing; (2) the execution by the defendant; and (3) that it is performable in the county of the suit. Hess v. Young, 160 S.W.2d 574 (Tex.Civ.App., Waco, 1942, n. w. h.). Proof of the existence of the cause of action is not required. Petroleum Producers Co. v. Steffens, 139 Tex. 257, 162 S.W.2d 698; North Texas Tank Company v. Pittman, 290 S.W.2d 724 (Tex.Civ.App., Texarkana, 1956, n. w. h.).

Since trial was before the court, without a jury, and since there are no findings of fact or conclusions of law either requested or made, we are governed, in testing the validity of the trial court's judgment, by the assumption that the trial court found every disputed fact in such a way as to support the judgment. Construction and General Labor Union v. Stephenson, 148 Tex. 434, 225 S.W.2d 958 (Tex.1950); Suit v. Taylor, 218 S.W.2d 243 (Tex.Civ.App., Dallas, 1949, n. w. h.).

Appellant contends first that the judgment must be reversed because there is no evidence showing that Millard Collins was its agent and therefore there is no proof that the letter was executed by the insurance company or by its authority and secondly, that even though it should be so found, the contract was not a contract in writing. Therefore appellant argues that venue cannot be sustained in Dallas County under subdivision 5.

The letter, upon its face, appears to have been executed by appellant or by its authority. Although appellee alleged that the letter was executed by appellant or by its authority, there is nothing in the record showing that appellant denied the execution of the instrument, under oath, as required by Rule 93, Texas Rules of Civil Procedure.

Prior to the enactment of Rules 86 and 93, Texas Rules of Civil Procedure, in 1941 the courts had held that a plea of privilege was a plea of non est factum. Key v. Mineral Wells Inv. Co., 96 S.W.2d 804 (Tex.Civ.App., Eastland, 1936, n. w. h.). However, Rule 86, T.R.C.P., now specifically provides in part that "such plea (the plea of privilege) shall not constitute a denial under oath of any allegations of plaintiff's petition required to be denied under oath by Rule 93 unless specifically alleged in such plea." Rule 93, T.R.C.P., requires that certain pleas must be verified by affidavit. Section "h" of Rule 93, T. R.C.P., also specifically provides that the "(d)enial of the execution by himself or by his authority of any instrument in writing, upon which any pleading is founded, in whole or in part, and charged to have been executed by him or by his authority * * *" must be verified by affidavit. Section "h" of said Rule 93 also provides that "(I)n the absence of such a sworn plea, the instrument shall be received in evidence as fully proved." North Texas

Tank Company v. Pittman, supra. Therefore, since appellant failed to deny under oath the execution of the written instrument ordering the material, the authority of Millard Collins to act for the company will be deemed to have been admitted.

This brings us to appellant's second contention urging that the court erred in overruling the plea of privilege on the ground that the record fails to show a contract in writing in which Dallas County was designated as the place of payment as required by subdivision 5.

In Barnwell v. Fox & Jacobs Construction Company, 469 S.W.2d 199 (Tex.Civ. App., Dallas, 1971, n. w. h.), the court said:

"* * * A number of cases have been decided under this exception involving written invoices which contain statements relating to payment of the account in a designated county. Where the party seeking to maintain venue under subdivision 5 proves that the written invoice itself is the consummated contract then it has been held that the statutory exception is applicable. Vinson v. Horton, 207 S.W.2d 432 (Tex.Civ.App., Texarkana 1947); Dowdell v. Ginsberg, 244 S.W.2d 265 (Tex.Civ.App., Fort Worth 1951); Harrison v. Facade, Inc., 355 S. W.2d 543 (Tex.Civ.App., Dallas, 1962). * * *" See also 97 A.L.R.2d 934, 970.

■ While the letter recited "Per your request we hereby order," there is nothing in the evidence that the parties had agreed on the price or the terms of payment prior to the date of the letter. In other words there is nothing to show that the letter completed the agreement. As we view it, the letter constituted nothing more than an offer to purchase the material. Therefore the contract was not finally consummated until the delivery of the material. As stated, when the material was delivered, there was attached thereon an invoice showing the price charged and stating that the invoice was payable within ten days in Dallas County. It is without dispute that Collins accepted the invoice along with material and raised no question about the terms, prices and conditions set forth in the invoice. Appellee testified that he knew for a fact that the mailing lists were subsequently used, although he did not say by whom.

■ It is now definitely settled in Texas that it is not necessary in order to constitute a "contract in writing" that the agreement be signed by both parties; one may sign and the other may accept by his acts, conduct or acquiescence in the terms of the agreement. Gottlieb v. Dismukes, 230 S.W. 792 (Tex.Civ.App., Austin, 1921, n. w. h.); Universal Mills v. Lasseter, 87 S.W.2d 343 (Tex.Civ.App., Ft. Worth, 1935, n. w. h.); Dowdell v. Ginsberg, supra.

■ For the reasons stated we are of the opinion that the invoice stipulating that payment was to be made in Dallas County constituted a part of the written contract to which appellant's agent assented by his acceptance and use thereof and by his silence. Appellant is therefore bound by the terms of the contract to pay for the material in Dallas County, Texas. Appellant's first point is overruled.

Appellant's points two and three contending that venue may not be sustained in Dallas County under subdivision 27 are likewise overruled.

■ Under subdivision 23, venue in a suit against a domestic corporation is proper in a county where the plaintiff's cause of action or a part thereof arose. McDonald, Texas Civil Practice, Vol. 1, sec. 4.30.2(I).

■ Since the letter of April 10, 1970, ordering the mailing list failed to contain anything with reference to the price or terms of payment, it constituted nothing more than an offer to purchase. The offer was accepted in Dallas County when Collins accepted delivery of the material,

together with the invoice stipulating the price and terms of payment and providing for payment in Dallas County. Therefore the contract was finally consummated and made in Dallas County. Under subdivision 23, venue is properly laid in the county where the contract was made. National Furniture Mfg. Co. v. Center Plywood Company, 405 S.W.2d 115 (Tex.Civ.App., Tyler, 1966, writ dism.); Sani-Serv Freezer Sales, Inc. v. Coker, 441 S.W.2d 649 (Tex.Civ.App., Tyler, 1969, n. w. h.). Appellant's second and third points are overruled.

The judgment of the trial court is affirmed.