**Gerald LINDHOLM, Appellant,**

v.

**Albert WOLF, Jr., d/b/a AOC–Crane Co., Appellee.**

**No. 13–82–403–CV.**

Court of Appeals of Texas, Corpus Christi.

Oct. 20, 1983.

Michael C. Sartori, George West, for appellant.

Hon. Curtis Bonner, Bonner & Bonner, Harlingen, for appellee.

Before NYE, C.J., and YOUNG and UTTER, JJ.

## OPINION

NYE, Chief Justice.

This is a venue suit. Albert Wolf, Jr., d/b/a AOC–Crane Company, filed suit on an open account in Justice Court in Cameron County against Gerald Lindholm to recover $193.17 and attorney's fees. Lindholm filed a plea of privilege to be sued in McMullen County, the county of his residence. Crane Company controverted the plea of privilege alleging venue was maintainable in Cameron County pursuant to Tex.Rev.Civ.Stat.Ann. art. 1995 § 5(a) (Vernon Supp. 1982–1983). Lindholm's plea of privilege was overruled by the Justice Court. Trial was then held on the merits, after which the Justice Court entered judgment in favor of Crane Company. Lindholm appealed to the County Court. A hearing was again held on the plea of privilege which was again overruled. After a trial De Novo was held on the merits, judgment was entered in favor of Crane Company. Lindholm appeals the ruling of the county court to this Court.

The record shows that Crane Company operates a business selling acetylene and oxygen products. Their home office is in Harlingen, Cameron County, but they have branch offices in other areas, including Alice, Texas. Lindholm was Crane Company's customer. On September 14, 1981, Crane Company delivered an acetylene cylinder to Davis Trailer Sales in George West, Texas, for Lindholm. Crane Company claimed that the cylinder was never returned to them, so they brought suit against Lindholm for the value of the cylinder. A discussion of the plea of privilege is all that is necessary to dispose of this appeal.

Evidence admitted at the Plea of Privilege hearing showed that Lindholm and Crane Company had been doing business together for several years. Deliveries of cylinders were made to Lindholm either by telephone request or by Lindholm leaving a cylinder with his name marked on it at Davis Trailer Sales. Crane Company's driver would replace the empty cylinder and leave a receipt on the top of the cylinder for Lindholm. Crane Company always left the cylinders for the appellant with Davis Trailer Sales because appellant was a rancher who lived outside of town. Delivery to his home was inconvenient.

Appellant, in his first point of error, claims that the trial court erred in overruling his plea of privilege because there was insufficient evidence to bring the case within the exception of TEX.REV.CIV.STAT. ANN. art. 1995 § 5(a) (Vernon Supp.1982–1983). Subdivision 5(a) of Article 1995, supra, provides:

"5(a). Contract in writing.—if a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

The general rule in Texas is that a defendant who is an inhabitant of this State shall be sued in the county of his domicile, except in specific enumerated exceptions. TEX. REV.CIV.STAT.ANN. art. 1995 (Vernon Supp.1982–1983); *Hall v. Ford Motor Co.,* 565 S.W.2d 592 (Tex.Civ.App.—Corpus Christi 1978, no writ). Exceptions to this rule are strictly construed in favor of the defendant.

■ In order to maintain venue under art. 1995 subd. 5(a), the plaintiff must prove: 1) an obligation in writing; 2) the execution by the defendant; and 3) that it is performable in the county of the suit. *MACPET v. Oil Field Maintenance Co.,* 538 S.W.2d 240, 242 (Tex.Civ.App.—Corpus Christi 1976, no writ); *Public Service Life Insurance Co. v. Copus,* 494 S.W.2d 200 (Tex.Civ.App.—Tyler 1973, no writ).

Appellant contends that there was no written contract for performance by him of any obligation in Cameron County, while appellee states that the invoices which were received by appellant in the course of their business were the contracts fulfilling the venue requirement.

■ It is not necessary in order to constitute a "contract in writing" under subdivision 5 that the agreement be signed by both parties. One party may make the offer, the other may acknowledge it in writing; and his acceptance by his act, conduct or acquiescence completes the agreement. *MACPET v. Oil Field Maintenance Co.,* 538 S.W.2d 240 (Tex.Civ.App.—Corpus Christi 1976, no writ); *Public Service Life Insurance Co. v. Copus,* 494 S.W.2d 200 (Tex.Civ.App.—Tyler 1973, no writ).

Appellant ordered the cylinders by telephone or by leaving empty cylinders to be replaced by appellee. Invoices were put on the top of the replacement cylinders for the appellant. These invoices could satisfy the requirement of being a contract in writing if Crane Company proved the second and third prongs of the test set forth in the *MACPET* and *Public Service Life Insurance Co.* cases, supra.

■ The rule is that the invoice must be signed by the buyer or his authorized agent who has the power to bind him to perform the obligation in the county specified on the invoice. *Kimbell, Inc. v. Baker,* 523 S.W.2d 956 (Tex.Civ.App.—Ft. Worth 1975, no writ).

The trial court found that these invoices had been signed by agents of Lindholm in accepting the goods of Crane Company, who acted with implied authority to act on appellant Lindholm's behalf. Two invoices and two monthly statements were introduced at the plea of privilege hearing. One was purportedly the invoice for the delivery of the cylinder made the basis of the suit. The signature on the invoice evidencing the delivery of the cylinder in question was not identified by anyone. The other signed invoice bore the signature of a person named Tony Gonzales. Two other statements admitted were not signed by anyone. Other invoices and statements included as part of Crane Company's Controverting Plea, dated October 1981 through February 1982, were also not signed by anyone. Lester Davis, Jr., owner of Davis Trailer Sales, testified that he had not been given any authority to bind Lindholm, nor had his employees been authorized by him to sign for Lindholm's deliveries. Davis testified that he had never had an employee named Tony Gonzales. We hold that the evidence was insufficient to show that Lindholm had given anyone authority, actual or implied, to bind him to perform the contract in Cameron County.

■ Appellant also argues that Crane Company did not prove that the obligation was to be performed in a specific county. We agree. In order for a contract in writing to come under Subdivision 5, it must be performable in a particular county. *Cross Roads Drilling Service, Inc. v. Drillchem, Inc.,* 645 S.W.2d 319 (Tex.App.—Corpus Christi 1982, no writ). This means a county that is fixed and certain, made so by the terms of the contract, and not subject to change by the obligee. *Albin v. Hughes,* 304 S.W.2d 371 (Tex.Civ.App.—Dallas 1957, no writ). The invoices that were sent or delivered to appellant and entered into evidence stated "All accounts Payable at Harlingen, Cameron County, Texas" or "The obligations & undertakings of each of the

parties shall be performable at Harlingen, Cameron County, Texas." One invoice offered by Lindholm and admitted into evidence had stamped on it "Remit to Alice, P.O. Box 262, Alice, Texas 78332." Other invoices and statements included as part of the transcript from the Justice Court hearing also stated on the opposite side of the invoice, "Please remit to: 500 Third Street, Alice, TX 78332." These invoices provide two distinct places for payment, namely: Alice, Texas, and Harlingen, Texas. They do not provide for payment in a particular county. As such, the evidence admitted on this requirement was insufficient to fix payment in a particular county as required.

The judgment of the trial court is accordingly reversed, and the cause is here ordered transferred to the County Court of McMullen County, Texas.