**MARSH v. FAIRBAIRN.**

No. 4704.

Court of Civil Appeals of Texas.
El Paso.
March 1, 1950.

————◆————

Cooper & Finney, Amarillo, for appellant.

George M. Kelton, Odessa, for appellee.

McGILL, Justice.

This is an appeal from an order of the District Court of Ector County, 70th Judicial District, overruling appellant's plea of privilege to be sued in Randall County, the county of his residence.

Appellee as plaintiff sued appellant as defendant, alleging that the parties had entered into a contract in writing in the form of a purchase order whereby defendant agreed to deliver certain items of electrical equipment to plaintiff in Ector County, Texas; that acting upon such order such equipment was shipped from New York to plaintiff in Odessa, collect, and plaintiff after receiving the same and paying freight thereon in the amount of $441.00 discovered that the equipment was not that which plaintiff had ordered; that plaintiff left it to defendant's agent to supply the necessary numbers or nomenclatures to identify the equipment plaintiff desired and was assured by such agent that the numbers supplied correctly identified such shipment, which assurance was a false and fraudulent misrepresentation on the part of said agent, perpetrated in Ector County. Plaintiff sought to recover $783.26 as damage for profits lost by reason of the equipment not being that which he ordered, $441.00 being the amount of freight he had paid and certain other elements of damage not material here.

In due time defendant filed his plea of privilege, which complied in all respects with Rule 86, Texas Rules of Civil Procedure, plaintiff's controverting plea adopted his petition and relied on Exceptions 5, Art. 1995, R.C.S., as amended by Acts 44th Leg.1935, p. 503, Ch. 213, Sec. 1, and 7 of the Venue Statute, Art. 1995, R.C.S., to maintain venue in Ector County. Trial to the court resulted in the order overruling defendant's plea of privilege, from which this appeal is prosecuted.

On December 3, 1947, appellee signed what is denoted a "customer's purchase order" on a form apparently furnished by defendant. We here reproduce such order:

By letter of December 10, 1947, defendant by C. B. Marsh, Jr., acknowledged such order in the following language:

"December 10, 1947,
Dictated December 10, 1947.
City Electric,
Odessa, Texas.    Att: Mr. W. R. Fairbain
Dear Mr. Fairbain:
I wish to take this opportunity to thank you for your nice order for Larkin Transformers, given to Mike Melot on December 3, 1947 and wish to advise you that this order has been placed with our factory for direct shipment from the factory to you.
Your order was placed with the factory for the following:
    (Here follows a detailed description of the equipment ordered)
At this writing we do not have a definite shipping schedule but expect to receive a reply from the factory within the next few days advising us when these Transformers will be shipped to you. Again thanking you for your nice order and assuring you of our desire to render service, we remain,
    Very truly yours,
    MARSH ELECTRICAL SUPPLY,
    C. B. Marsh, Jr.,
    Engineer."

It appears from invoices sent to appellant by Larkin Electro Products Corporation of 160 West 146 Street, New York, N. Y., that the equipment was shipped on April 30, 1948, to appellee at Odessa, Texas, terms f. o. b. factory via Acme Fast Freight. The evidence is uncontroverted that appellee received the shipment and paid the freight charges therefor.

We think it clear that the above facts show that appellant had contracted in writing to deliver the equipment in question to appellee in Ector County, and hence to perform an obligation in Ector County within the purview of Exception 5 to Art. 1995, R.C.S. Since the order for the equipment was in writing signed by appellee and was accepted and acted on by appellant it constituted a "contract in writing" within this exception even though it was not signed by appellant. Vinson v. Horton, Tex. Civ.App., 207 S.W.2d 432, loc. cit. 434-435 and authorities there cited.

Clearly such contract required appellant to perform an obligation in Ector County, since it required appellant to ship the equipment to Odessa, Texas, which we judicially know is in Ector County. Burtis v. Butler Bros., Tex.Sup., 226 S.W.2d 825; Vinson v. Horton, supra; Harrison v. Nueces Royalty Co., Tex.Civ.App., 163 S.W.2d 244, Wr. Dismissed. Implicit in the obligation to ship to Odessa is the obligation to deliver at Odessa. The fact that the factory in fixing the terms of payment on its invoice to appellant billed the shipment f. o. b. factory and that appellee paid the freight on such shipment in no way altered appellant's obligation contained in the written contract to ship the equipment to Odessa. Nor is there any merit in appellant's contention that the contract was without consideration. Being in writing the instrument imports a valuable consideration for the promise to ship to Odessa. Berry v. Pierce Petroleum Corp., 120 Tex. 452, 39 S.W.2d 824, loc. cit. 825(2, 3) (Com. App. Opin. adopted).

All of appellant's points are overruled and the order of the trial court overruling the plea of privilege is affirmed.